**FEDERAL DEPOSIT INS. CORPORATION v. ALKER et al.**

**No. 8805.**

Circuit Court of Appeals, Third Circuit.

Argued June 3, 1947.

Decided July 30, 1947.

Rehearing Denied Nov. 25, 1947.

See 164 F.2d 469.

Robert T. McCracken, of Philadelphia, Pa., for Alker for leave for District Court to Reconsider Motion for new trial.

Allen S. Olmsted, of Philadelphia, Pa., for appellee.

Before BIGGS, McLAUGHLIN and O'-CONNELL, Circuit Judges.

PER CURIAM.

The petitioners, Alker and DuBan, the appellants, who suffered a judgment against them in the court below affirmed on appeal to this court, 3 Cir., 151 F.2d 907, have filed a petition in the nature of a bill of review, seeking to obtain from this court leave to apply to the court below for a new trial. The basis of the petitioners' application is alleged newly discovered evidence. Assuming that the evidence upon which the petitioners seek to base their motion for a new trial is precisely what the petitioners say it is, none the less it is not such as to overcome the effect of the ruling of the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, and the prior decision of this court. See 12 U.S.C.A. § 264(s). In our opinion we assumed the existence of a valid oral contract of a kind then claimed by the petitioners to have existed. We stated that the Integrity Trust Company had no record of this "valid oral contract" not to disturb the owner of the collateral until security values had risen to such a point that Alker could recover his "equity". See 3 Cir., 151 F.2d at page 908.

We note that there is a slight but immaterial change in Alker's position in that he presently contends that the loan was not to be disturbed for a term of years. The evidence which Alker and DuBan seek now to offer to the court below as a basis for a new trial does not touch the issue of a "secret" agreement as that phrase was used by us in our decision and by the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp. supra. It follows therefore that there is no ground for allowing a bill of review for the issue is not even doubtful. See Pittsburgh Forgings Company v. American Foundry Equipment Co., 3 Cir., 119 F. 2d 619, and the authorities cited therein.