## FEDERAL DEPOSIT INS. CORPORATION v. ALKER et al.
### No. 8895.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 15, 1947.

Decided Nov. 25, 1947.

For former opinion, see 163 F.2d 123.

Robert T. McCracken, of Philadelphia, Pa., for appellants.

Allen S. Olmsted, of Philadelphia, Pa., for Federal Deposit Ins. Corporation.

Before BIGGS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

PER CURIAM.

We have considered this case three times. We held upon the original argument that the petitioners-appellants, Alker and Du-Ban, were not entitled to assert against

FDIC as a defense in the suit to recover a deficiency judgment against Alker an alleged oral contract to forego foreclosure on collateral securing a note. See 3 Cir., 151 F.2d 907. Our decision was based primarily upon the ruling of the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Ins. Corporation, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956.

The petitioners-appellants, Alker and DuBan, then sought leave to file a petition in the nature of a bill of review in order to obtain a new trial in the court below on the ground of alleged newly discovered evidence. We held that the evidence which Alker and DuBan sought to present to the court below did not touch the critical issue of a "secret" agreement. Accordingly we dismissed the petition. See 3 Cir., 163 F.2d 123.

Following the decision just referred to and on August 12, 1947 the petitioners filed a petition for rehearing which alleged, inter alia, that there was written upon the two notes first given by Alker, which notes were later consolidated into the single note upon which FDIC based its action in the suit at bar, the respective legends, "For addtl. collateral and agreement with Mr. Alker and A. DuBan see W. K. H." and "For addtl. collateral and agreement with Alker and A. A. DuBan see other note and W. K. H." "W. K. H." was an officer of Integrity Trust Company, the holder of the notes.

Alker asserted at the second rehearing, as will appear from the transcript of the proceedings, that the legends quoted were typed by the Trust Company on the two original notes at or about the time when the new consolidated note, dated December 11, 1936, was delivered by him to the Trust Company. Even if we take Alker's contention at its face value he claims only that the period during which the original notes *with the legends written upon them* were in the possession of the Trust Company amounted to six or seven days. This is demonstrated conclusively by the following concessions made by the petitioners: the original notes were photostated at or about the time, viz., on or about December 11, 1936, when the consolidated note was delivered by Alker to the Trust Company,

the photostats of the original notes then being placed in the file with the consolidated note later sued upon: the photostats do not show the legends hereinbefore quoted. After the original notes were returned to Alker on or about December 11, 1936 the Trust Company had no record of the legends. The petitioners make no claim to the contrary.

The consolidated note plus the photostatic copies of the original notes without the legends were in the files of the Trust Company on or about December 11, 1936. After that date the original notes with the legends were in Alker's files. More than four years later the Trust Company assigned the consolidated note and the collateral with all its other banking assets, with certain immaterial exceptions, as security for a loan of about twenty million dollars made to it by FDIC on the usual terms. See 151 F.2d at page 908 and Lamberton v. Federal Deposit Ins. Corporation, 3 Cir., 141 F.2d 95.

It is the contention of Alker and DuBan that the original notes with their respective legends were among the Trust Company's records for a period of about six days in 1936; that it was the duty of the Trust Company to have carried the substance of the legends in its books and records in some appropriate fashion after the original notes had been returned to Alker; that FDIC, taking possession of the consolidated note and the collateral more than four years later, stands in the Trust Company's shoes and was bound on the alleged agreement forbidding foreclosure on the collateral.

The fatal weaknesses of the petitioners' position are, we think, instantly apparent. Assuming that the Trust Company was negligent in failing to carry forward some notation of the legends upon its records, it is clear that such negligence may not be imputed to FDIC. The fact is that there was no record of any agreement not to foreclose the collateral on the books of the Trust Company when FDIC took possession of the consolidated note and of its collateral. The agreement not to foreclose, assuming its existence, would still be a "secret" agreement within the purview of the D'Oench, Duhme decision.

We will not discuss the fact, conceded by Alker, that the original notes with their respective legends were in his possession at the time of the trial in the District Court and might have been produced by him if they had not been misfiled among his own papers. For this reason no discussion of the law of after-discovered evidence is necessary. We also find it unnecessary to discuss the theory of FDIC, distinctly antipathetic to that suggested by Alker, as to how the legends came to be upon the original notes.

We will deny the prayer of the petitioners-appellants for leave to file a bill in the nature of a bill of review in the court below or to give the court below authority to rehear a motion for a new trial.