**FEDERAL DEPOSIT INS. CORPORATION v. ALKER et al.**

**No. 8805.**

Circuit Court of Appeals
Third Circuit.

July 29, 1948.

McLAUGHLIN, Circuit Judge, dissenting.

For former opinion, see 163 F.2d 123, and for opinion denying prior petition for rehearing see 164 F.2d 469.

Allen S. Olmsted, 2d, of Philadelphia, Pa., for Federal Deposit Ins. Corporation.

Harry J. Alker, of Philadelphia, Pa., for Alker and others.

Before BIGGS, McLAUGHLIN and O'CONNELL, Circuit Judges.

BIGGS, Circuit Judge.

The appellants have again petitioned this court for rehearing and for a stay in the handing down of the mandate. They state that a prior oral application, which was restricted to a request for a stay in the handing down of the mandate, was based not only on pending legislation designed to overrule retroactively the effect of the decision of the Supreme Court in D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, but was bottomed also on an express intention to file a second petition for rehearing to the Supreme Court.

The oral application made to this court, as indicated in the preceding paragraph, was based solely on the expressed intention of the appellants to secure the passage of legislation by Congress which would overrule retroactively the effect of the Supreme Court's decision in D'Oench, Duhme. Counsel for the appellants did not state to this court that the appellants intended to file a second petition for rehearing to the Supreme Court. In fact counsel for the appellants stated to this court that they did not intend to file another petition for rehearing either to the Supreme Court or to this court.

This interminable litigation must be brought to an end. No useful purpose can be served pursuing it further. We recount the steps. The appellants lost their case in the court below which filed no opinion for publication. We affirmed that decision. 3 Cir., 151 F.2d 907. The appellants then applied for certiorari which was denied.

327 U.S. 799, 66 S.Ct. 901, 90 L.Ed. 1025. Rehearing was denied. 328 U.S. 877, 66 S. Ct. 976, 90 L.Ed. 1645. A second petition for rehearing was denied. 328 U.S. 879, 66 S.Ct. 1117, 90 L.Ed. 1647. Motion for leave to file a third petition for rehearing was denied. 328 U.S. 881, 66 S.Ct. 1361, 90 L.Ed. 1648. A motion for leave to file a fourth petition for rehearing was denied. 329 U.S. 823, 67 S.Ct. 28, 91 L.Ed. 699. A motion for leave to file a fifth petition for rehearing was denied. 329 U.S. 830, 67 S.Ct. 350, 91 L.Ed. 704. A petition in the nature of a bill of review, seeking to obtain from this court leave to apply to the court below for a new trial, was denied by this court. 3 cir., 163 F.2d 123. Rehearing was denied. 3 Cir., 164 F.2d 469. Certiorari was denied by the Supreme Court May 24, 1948, 68 S.Ct. 1337. Rehearing was denied June 21, 1948, 68 S.Ct. 1527.

This court cannot take the position when a judgment has been rendered unfavorable to one of the parties to a litigation that it will not hand down its mandate to permit the losing party to procure legislation which would overcome the effect of the court's decision. To so rule would constitute an abnegation of the judicial process. It also seems to us to be bootless to stay the handing down of our mandate in furtherance of the appellants' hope that the Supreme Court of the United States will grant the appellants' seventh petition for rehearing.

The prayers of the petition will be denied and the Clerk will be directed to hand down the mandate to the court below.

McLAUGHLIN, Circuit Judge (dissenting).

Appellants' persistence has undoubtedly prolonged the ultimate disposition of this litigation. While their efforts have consumed considerable time, they have acted with reasonable promptness throughout this matter which is of major importance to them. I think they should have the opportunity of presenting their present position to the Supreme Court. I therefore dissent from the majority ruling.