**SECRETARY OF BANKING OF PENN-SYLVANIA v. ALKER et al.**
(three cases).

Appeal of ALKER.

Nos. 10002, 10015, 10120.

United States Court of Appeals
Third Circuit.

Argued March 20, 1950.

Decided July 25, 1950.

Rehearing Denied Aug. 29, 1950.

Edwin Hall, 2d, Philadelphia, Pa. (A. D. Bruce, Francis E. Walter, Harry J. Alker, Jr., all of Philadelphia, Pa., on the brief), for appellants.

Allen S. Olmsted, 2d, Philadelphia, Pa. (Edwin C. Emhardt, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN and KALODNER, Circuit Judges, and FEE, District Judge.

McLAUGHLIN, Circuit Judge.

The present appeals arise out of a suit on a demand note of appellant, Alker, Jr., to Integrity Trust Company of Philadelphia. The note, with its collateral, was assigned to Federal Deposit Insurance Corporation (FDIC). That concern called the note in November, 1942, and on January 20, 1943, sold the collateral. There was a deficit for which FDIC sued Alker, Jr. That action was tried and resulted in a judgment in favor of FDIC for the deficit plus interest. The judgment was affirmed by us in 151 F.2d 907; certiorari was denied by the Supreme Court, 327 U.S. 799, 66 S.Ct. 901, 90 L.Ed. 1025, as were five petitions for rehearing.[1] After various proceedings which need not be gone into[2] the District Court allowed a new trial, March 3, 1949. FDIC then obtained from us a rule to show cause why a writ of Mandamus and Prohibition should not issue. The mandamus part of the rule prayed for the vacation of the order for new trial "and in lieu thereof to enter an order dismissing the motions of defendants Alker and DuBan for a new trial, and in all other respects to enforce the mandate of this Court received by said Court July 30, 1948." The application for the writ of Prohibition asked that the judges of the United States District Court for the Eastern District of Pennsylvania be prohibited from proceeding with a new trial in this litigation "or entertaining motions for a new trial, or to open the judgment, or to take any steps inconsistent with the mandate of this Court received by said Court July 30, 1948." As a protective measure, FDIC also took an appeal from the order granting a new trial. The District Judge who had given the new trial, answering the rule to show cause on behalf of himself and the other District Judges, stated that the order for the new trial should be and would be set aside as soon·as the appeal was dismissed and the case returned to the District Court. In order to allow the District Court opportunity to act, FDIC obtained dismissal of its appeal and applied to the District Court for an order vacating the order for a new trial and dismissing defendants' motions for a new trial. By that time the District Judge who had signed the original order and who had filed the answer to the rule to show cause had left the District, to be gone for an extended period. In his absence the Chief Judge granted the motion and on May 9, 1949, signed an order dismissing defendants' motions for a new trial. The appeal from that order is No. 10,002.

The second appeal is from the substitution of the Secretary of Banking of the Commonwealth of Pennsylvania as plaintiff in place of FDIC. This is No. 10,015.

The last appeal is from the action of the District Court in directing the District Court Clerk to note that plaintiff-appellee had made the necessary five year application under Pennsylvania law to revive the judgment against appellant, Alker, Jr. This is No. 10,120.

### No. 10,002.

Appellants' point on this appeal is that the District Court order of May 9, 1949, was error. That order reads:

"And Now, to wit, this 9th day of May, 1949, the Defendants' Motion for New Trial dated October 29, 1946, Defendants' Renewal of Motion for New Trial dated August 25, 1948, Defendants' Supplemental Motion for New Trial dated November 1, 1948, the additional reason filed March 1, 1949, and all Defendants' Motions in the nature of Motions for a New Trial, or a bill of review, are hereby dismissed."

█ It is urged that on the date of the above order there were no motions pending for a new trial; that the new trial had

1. 328 U.S. 877, 879, 881, 66 S.Ct. 976, 90 L.Ed. 1645; 329 U.S. 823, 830, 67 S.Ct. 28, 91 L.Ed. 699.

2. See the same case 163 F.2d 123; 164 F.2d 469; certiorari denied 334 U.S. 827, 68 S.Ct. 1337, 92 L.Ed. 1755, rehearing denied 334 U.S. 862, 68 S.Ct. 1527, 92 L. Ed. 1782; 335 U.S. 838, 69 S.Ct. 14, 93 L.Ed. 390; 335 U.S. 864, 69 S.Ct. 123, 93 L.Ed. 409; 335 U.S. 894, 69 S.Ct. 242, 93 L.Ed. 431; 169 F.2d 336, certiorari denied 336 U.S. 953, 69 S.Ct. 880, 93 L. Ed. 1108.

already been granted on March 3rd. The May 9th order was a direct result of the frank statement of the answer filed in the mandamus proceeding to the effect that the allowance of the new trial was wrong and would be corrected as soon as the case came back to the District Court. Through inadvertence the form of order presented to the Court by appellee did not contain specific reference to the District Court order of March 3rd which was being set aside, but even without such reference there is no confusion as to its purpose. The sole reason for it was to correct the mistake which had been made in granting a new trial. Appellee was entitled, as a matter of right, to have that order set aside. Though its language could well have been more precise, the order plainly accomplished that result.

■ Objection is also made that a Judge should not reconsider matters of record that have been ruled upon by a Judge of coordinate jurisdiction in the same case. The record reveals that there was not the slightest impropriety in the course which was followed. The judge who had signed the first order, realizing his error, stated so publicly in his answer to the rule to show cause. For himself, and for the other judges of the District Court, he engaged to correct the mistake as soon as the District Court regained jurisdiction of the litigation. However, when the matter came up for dismissal in that tribunal (and appellee brought it on with reasonable promptness) the judge who had made the original order was in Europe. The problem was brought before the Chief Judge who, acting on the merits of the application and in accordance with the commitment of the Court, by his order of May 9th in effect vacated the order of March 3rd granting a new trial. In so doing, the Chief Judge had simply proceeded in seemly fashion to restore appellee's rights.

### No. 10,015.

■ The order substituting the Pennsylvania State Secretary of Banking as plaintiff was made on June 8, 1949. At that time the suit was on appeal to this Court from the District order of May 9, 1949.

Notice of appeal was filed May 25, 1949. In view of those facts, the District Court had no right to act on the motion. When the appeal was taken, the District Court lost jurisdiction of the case. Fiske v. Wallace, 8 Cir., 115 F.2d 1003, 1005; Walleck v. Hudspeth, 10 Cir., 128 F.2d 343, 344; Bergeron v. Mansour, 1 Cir., 152 F. 2d 27, 31.

### No. 10,120.

■ A far different situation is presented by the order of the District Court directing its Clerk to note upon its judgment roll that a motion for revival of the judgment had been filed with that Court. On the date of that motion, October 26, 1949, both the above appeals were in this Court. At that time, the fifth anniversary of the judgment (entered November 8, 1944) was rapidly approaching. Under Pennsylvania law it is necessary that a judgment be revived every five years. 12 Purdon's Pa.Stat. § 878 et seq.

■ The District Judge, undoubtedly because the matter was on appeal, did not sign the order for revival presented but merely directed the Clerk "to note upon the judgment roll or index that a motion for the revival of the above judgment was filed October 26, 1949, was presented to the Court November 2, 1949 and was taken under advisement by the Court." The phrase "was taken under advisement", if accepted at its face value, suggests an action by the judge which was beyond his power at the time. That interpretation would not destroy the efficacy of the valid part of the order. In the circumstances, the judge probably meant that all action on the motion would be suspended until after the District Court had that suit before it. Whether he did or not, the particular language is surplusage. The order in reality merely recorded the request for the revival of the judgment. That ministerial functioning cannot be construed as an attempt to assume jurisdiction. It had nothing whatsoever to do with the merits of the case on appeal. All it did was preserve the information that timely application had been made to protect the life of the judgment, thus keeping the door open for entry

of a revival order when the District Court regained jurisdiction of the suit.

In No. 10,002 the order of the District Court will be affirmed.

In No. 10,015 the order of the District Court will be reversed.

In No. 10,120 the motion of the Secretary of Banking, Commonwealth of Pennsylvania, to dismiss the appeal, will be denied. The order of the District Court will be affirmed.

There will be no costs to either party as against the other.