**BUTCHER & SHERRERD et al. v. WELSH et al.**

**No. 10948.**

United States Court of Appeals Third Circuit.

Argued April 20, 1953.

Decided Aug. 5, 1953.

Rehearing Denied Aug. 28, 1953.

W. Wilson White, Philadelphia, Pa., (Howard H. Rapp, Philadelphia, Pa., White, Williams & Scott and Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief) for petitioners.

Harry J. Alker, Jr., of Philadelphia, Pa., Edwin Hall, 2d, Philadelphia, Pa., (Francis E. Walter, Easton, Pa., on the brief) for intervenors.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This is an original proceeding upon petition for writs of mandamus and prohibition to be directed to the Honorable George A. Welsh and the other Judges of the United States District Court for the Eastern District of Pennsylvania.

Petitioners are assignees of a judgment which was obtained in the District Court in the case of Federal Deposit Insurance Corp. v. Alker, Civil Action No. 3047, affirmed by this Court, 1945, 151 F.2d 907. The defendants in that proceeding are intervenors herein.

The history of this litigation stretches over a decade. Its pertinent highlights are as follows: In 1943, F.D.I.C. sued Harry J. Alker, Jr. ("Alker") (and other nominal defendants) to recover the balance due from Alker on a loan made to him by the Integrity Trust Company ("Integrity") on a demand collateral note. Alker's note and collateral had been pledged with F.D.I.C. together with the other banking assets of Integrity as security for a loan by F.D.I.C. to Integrity, prior to the latter's closing. F.D.I.C. in due course called in the loan, sold the collateral and sued for the resulting deficiency. Alker defended on the ground that he had an oral agreement with Integrity which provided the latter was not to disturb the loan or the collateral until security values had risen to such a point that Alker could recover his "equity" in the collateral. The case was tried in the District Court by the Honorable George A. Welsh, respondent herein, without a jury. Judgment was entered for the plaintiff against Alker in the amount of $117,-581.35 on November 8, 1944; motions for a new trial were denied; and the judgment was affirmed by this Court in November, 1945, supra, upon the authority of the Supreme Court decision in D'Oench, Duhme & Co., Inc., v. Federal Deposit Insurance Corp., 1942, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956. Certiorari was denied by the Supreme Court, 327 U.S. 799, 66 S.Ct. 901, 90 L.Ed. 1025. Two petitions for rehearing were denied, 328 U.S. 877, 66 S.Ct. 976, 90 L.Ed. 1645, and 328 U.S. 879, 66 S.Ct. 1117, 90 L.Ed. 1647. Motions for leave to file petitions for rehearing were thrice denied. 328 U.S. 881, 66 S.Ct. 1361, 90 L.Ed. 1648, Id., 329 U.S. 823, 67 S.Ct. 28, 91 L.Ed. 699, and 329 U.S. 830, 67 S.Ct. 350, 91 L.Ed. 704. The mandate of affirmance was finally returned to the District Court on October 24, 1946.

Following return of the mandate affirming the judgment of the District Court, defendants filed with Judge Welsh a motion for new trial on the ground of after-discovered evidence, and, inasmuch as the judgment had been affirmed by this Court, a petition was filed here in the nature of a bill of review, seeking leave to the District Court to consider the motion. After hearing, this petition was denied, 3 Cir., 1947, 163 F.2d 123. A petition for rehearing was then filed alleging further after-discovered evidence, which petition was again denied, 3 Cir., 1947, 164 F.2d 469. The Supreme Court denied certiorari, 334 U.S. 827, 68 S.Ct. 1337, 92 L.Ed. 1755, and a petition for rehearing, 334 U.S. 862, 68 S.Ct. 1527, 92 L.Ed. 1782. Motions for leave to file petitions for rehearing were thrice denied; 335 U.S. 838, 69 S.Ct. 14, 93 L.Ed. 390, Id., 335 U.S. 864, 69 S.Ct. 123, 93 L.Ed. 409, Id., 335 U.S. 894, 69 S.Ct. 242, 93 L.Ed. 431. The defendants then once again petitioned this Court for rehearing, and for a stay in the handing-down of our mandate. This petition was denied, 3 Cir., 1948, 169 F.2d 336. Pursuant to denial of certiorari by the Supreme Court, 336 U.S. 953, 69 S.Ct. 880, 93 L.Ed. 1108, the mandate denying leave to the District

Court to hear the motion for new trial was returned to that court on July 30, 1948.

Shortly thereafter, on August 25, 1948, defendants filed a "renewal" of motion for a new trial in the District Court.[1] This motion was first granted by the court below, and then denied; and appeal was taken by the defendants from the denial. We affirmed the District Court's denial, Secretary of Banking of Pa. v. Alker, 3 Cir., 1950, 183 F.2d 429, certiorari denied, Du Ban v. Federal Deposit Ins. Corp., 340 U.S. 917, 71 S.Ct. 351, 95 L.Ed. 663, rehearing denied, 340 U.S. 939, 71 S.Ct. 489, 95 L.Ed. 678. Thus, a third mandate of this Court affirming the judgment against the defendants was returned to the District Court on September 7, 1950.

Some nineteen months later, on April 24, 1952, defendants, without further application to this Court, filed another motion for a new trial with Judge Welsh. On December 2, 1952, Judge Welsh entered an Order granting a new trial. In an opinion accompanying his Order he stated that he did so in order to afford the defendants the opportunity of "presenting evidence hitherto unavailable of certain phases of the case which might alter the whole picture as now presented."

Petitioners immediately made application here for writs of mandamus and prohibition, alleging that Judge Welsh acted beyond his jurisdiction and in direct disobedience of the prior mandates of this Court. The petition prays that the Order of December 2, 1952, be vacated, and that the several Judges of the District Court be prohibited from proceeding with a new trial of the cause. In his answer Judge Welsh states that he granted a new trial in the belief that jurisdiction to do so was conferred upon him by virtue of Rule 60 (b), as amended, of the Federal Rules of Civil Procedure, 28 U.S.C.[2]

We are of the opinion that this case is a proper one for the issuance of the writs prayed for.

It is true that ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed; Pennsylvania R. Co. v. Kirkpatrick, 3 Cir., 1953, 203 F.2d 149. In Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 941, 87 L.Ed. 1185, it was held: "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been *to confine an inferior court to a lawful exercise of its prescribed jurisdiction* or to compel it to exercise its authority when it is its duty to do so." (Emphasis supplied.) See also Ex parte Republic of Peru, 1943, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; Ex parte Kawato, 1942, 317 U.S. 69, 63 S.Ct. 115, 87 L.Ed. 58; McCullough v. Cosgrave, 1940, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992; Interstate Commerce Commission v. United States ex rel. Campbell, 1933, 289 U.S. 385, 53 S.Ct. 607, 77 L.Ed. 1273; Ex parte United States, 1932, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283; State of Colorado v. Symes, 1932, 286 U.S. 510, 52 S.Ct. 635, 76 L.Ed. 1253; State of Maryland v. Soper, No. 1, 1926, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449; State of Maryland v. Soper, No. 2, 1926, 270 U.S. 36, 46 S.Ct. 192, 70 L.Ed. 459; State of Maryland v. Soper, No. 3, 1926, 270 U.S. 44, 46 S.Ct. 194, 70 L.Ed. 462.

Inasmuch as the action of the District Court in granting a new trial was

---

1. Simultaneously with the filing in the District Court of the motion "for renewal of motion for a new trial" the defendants filed a petition with this Court for reconsideration of our prior denial of their petition in the nature of a bill of review seeking leave to the District Court to consider their motion for a new trial. 1947, 163 F.2d 123. The petition for reconsideration was dismissed in an order entered by this Court on October 27, 1948.

2. Rule 60(b) of the Federal Rules of Civil Procedure provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

clearly beyond its jurisdiction the above stated principle is applicable here. Where a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court. This procedure is required by long-settled principles. Simmons Co. v. Grier Bros. Co., 1922, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; National Brake & Electric Co. v. Christensen, 1921, 254 U.S. 425, 41 S.Ct. 154, 65 L.Ed. 341; In re Potts, 1897, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Brady v. Beams, 10 Cir., 1943, 132 F.2d 985; Simonds v. Norwich Union Indemnity Co., 8 Cir., 1934, 73 F.2d 412. In the instant case not one, but three, mandates of this court were returned to the District Court. Under the circumstances, we are not required to pass upon the validity of the intervenors' reasons for asking a new trial, or of respondent's reasons for granting it. Indeed, mandamus could not issue merely because we disagreed with the District Judge as to the correctness of his ruling. What is here involved is an utter lack of jurisdiction to act. And where the lower court is without jurisdiction to vacate a judgment, mandamus is the appropriate remedy. Delaware, Lackawanna & Western Railroad Co. v. Rellstab, 1928, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439.

■ Respondent contends that recent amendments to Rule 60(b) of the Federal Rules of Civil Procedure confer upon the trial court the power to grant relief from the operation of a judgment without prior approval of the appellate court. We cannot subscribe to this contention. Rule 60 (b), while enlarging the power of the District Courts over judgments without respect to the running of the term of court, does not confer upon District Courts the power to alter or amend a judgment which has been affirmed by this court or the Supreme Court, for such alteration would affect the decision of the reviewing court, which it is not within the power of the District Courts to do. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 1940, 112 F.2d 387. Fur-

ther, we have already had occasion to hold that the 1948 amendments to the Rule, relied upon by respondent, did not change its effect in this respect. Carpenter v. Rohm & Haas Co., Inc., 3 Cir., 1950, 180 F.2d 749.[3]

■ For the reasons stated, the rule to show cause why writs of mandamus and prohibition should not issue is made absolute. Accordingly, writs will issue to the Honorable George A. Welsh and the other Judges of the United States District Court for the Eastern District of Pennsylvania: (a) directing him and them to vacate the Order of Judge Welsh dated December 2, 1952, in Civil Action No. 3047, purporting to grant a new trial; and (b) prohibiting him and them from proceeding with a new trial in said litigation.

---

3. In re Standard Gas & Electric Co., D.C. Del.1945, 63 F.Supp. 876, cited by the intervenors, is not applicable here, for what was there modified by the District Court after appeal was merely an interlocutory decree, and not a final judgment.