538

Harry J. ALKER, Jr.

v.

**FIDELITY-PHILADELPHIA TRUST COMPANY, Trustee, and Butcher & Sherrerd.**

Civ. No. 16690.

United States District Court,
E. D. Pennsylvania.

July 2, 1954.

Alfred D. Bruce, Edwin Hall, 2d, Harry J. Alker, Jr., Francis E. Walter, Philadelphia, Pa., for plaintiff.

White, Williams & Scott, Philadelphia, Pa., for defendants Butcher & Sherrerd.

Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant Fidelity-Philadelphia Trust Co., Trustee.

FOLLMER, District Judge.

This is an action in equity seeking an injunction restraining defendants from issuing or proceeding with execution or in any way attempting to collect judgment entered against plaintiff in Civil Action No. 3047. Defendants have moved to dismiss the complaint. The litigation here involved had its inception in 1943, and its many ramifications in this Court, the Court of Appeals and the Supreme Court are set forth in the case of Butcher & Sherrerd v. Welsh, 3 Cir., 206 F.2d 259, decided August 5, 1953. The complaint in the instant case was filed April 15, 1954.

On September 7, 1950, the Court of Appeals returned to this Court its third Mandate, Secretary of Banking of Pa. v. Alker, 3 Cir., 183 F.2d 429, affirming the judgment in Civil Action No. 3047 against the defendant, Harry J. Alker, Jr., plaintiff herein.

The present complaint identifies the defendants herein as the assignees (Par. 21) and successors in title (Par. 26(b)) and the Court of Appeals finds them to be the assignees of the judgment secured in Civil Action No. 3047.

Plaintiff, in his brief, offers this untenable suggestion, "The present complaint in no way is an attempt to collaterally attack the judgment in Civil Action No. 3047 because, as already pointed out, if the relief sought by the complaint is granted the judgment will still be a matter of record, intact and undisturbed. The only thing that will happen is that execution will be restrained."

The plain fact of the matter is that the plaintiff is here seeking to secure by indirection what he was unable to get by his frontal approach in seeking a new trial.

The facts and the parties in the instant case were all before the Court of Appeals when it had before it the Mandamus proceeding. The Mandate of the Court of Appeals confirmed the judgment secured by the plaintiff. This Court is without power, in the face of that Mandate, to emasculate the judgment by robbing it of its essential attribute, namely, the right of execution.[1]

Motion to dismiss will be granted.

1. See also Central Trust Co. of New York v. Evans, 6 Cir., 73 F. 562.