**FEDERAL DEPOSIT INSURANCE CORPORATION, to the Use of SECRETARY OF BANKING, Receiver of Integrity Trust Company, to the Use of Butcher & Sherrerd, and Fidelity-Philadelphia Trust Company, Trustee,**

v.

**Harry J. ALKER, Jr., and Mamie DuBan, Individually and as Executrix of the Estate of Alfred A. DuBan, Deceased.**

**BUTCHER & SHERRERD and Fidelity-Philadelphia Trust Company, Trustee, Petitioners,**

v.

**Honorable George A. WELSH and the Other Judges of the United States District Court for the Eastern District of Pennsylvania,**

**Harry J. Alker, Jr., and Mamie DuBan, Individually and Executrix of the Estate of Alfred A. DuBan, Deceased.**

**Nos. 8805, 10948.**

United States Court of Appeals Third Circuit.

Argued June 6, 1955.

Decided June 14, 1955.

& Sherrerd and Fidelity-Philadelphia Trust Co., Trustee.

Before MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The judgment of the district court in this case was affirmed by this court on November 7, 1945, 151 F.2d 907. Since that time defendant Alker has made repeated efforts in the district court, in this court and in the Supreme Court to obtain relief from that judgment by way of a new trial. This court is now again presented by Alker with a motion for an order granting leave to the district court to reconsider his motion for a new trial. We are constrained at this time to grant the leave requested even though we have denied similar applications in the past. We do so because we have now reached the conclusion that Alker should have an opportunity to convince the district court, if he can, that he is entitled under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C., to relief from the judgment entered against him by that court. In reaching this conclusion we make it clear that we intimate no opinion upon the merits of Alker's motion for a new trial or even whether the district court is empowered to grant it under Rule 60 (b). We merely desire to open the way for the district court to decide those questions, which it will do in the exercise of its own responsibility and discretion. We will, of course, also vacate the writs of prohibition and mandamus heretofore directed to the district court at our No. 10,948, 206 F.2d 259.

It will be so ordered.

Harry J. Alker, Jr., Philadelphia, Pa., pro se, A. D. Bruce, Francis E. Walter, for defendant-petitioner.

Richard C. Bull, Thomas Raeburn White, Howard H. Rapp, Thomas B. K. Ringe, Philadelphia, Pa., for Butcher