**UNITED STATES of America,
Plaintiff,**

v.

**CIGARETTE MERCHANDISERS ASSOCIATION, Inc., et al., Defendants.**

United States District Court
S. D. New York.

Oct. 27, 1955.

See also 136 F.Supp. 214.

498

Richard B. O'Donnell, Sp. Asst. to the Atty. Gen., for the United States.

Mervin C. Pollak, New York City, for defendant Cigarette Merchandisers Ass'n, Inc.

NOONAN, District Judge.

This is a motion by defendants in the above entitled action for a preliminary hearing under Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or in the alternative, for a separate trial under Rule 42(b) of said Rules, of the jurisdictional issue of interstate commerce.

Defendants are a trade association of cigarette vending machine operators engaged in the New York Metropolitan Area, defined in the complaint as "the City of New York and the counties of Nassau, Suffolk, Westchester, Putnam and Rockland"; five corporate members of defendant trade association; Local 805, a labor union whose members are employed by members of defendant trade association; and certain individuals respectively connected with these defendants.

The complaint in this action was filed on April 28, 1954. On the same date a companion criminal indictment No. C 144–105 was also filed. In essence the same violations of the Sherman Anti-Trust Act, Title 15 U.S.C.A. §§ 1 and 2, are charged.

In view of the pendency of the criminal indictment, it is urged by the government that the granting of this motion at this time would have the effect of permitting the defendants to obtain the government's entire case on the issue of interstate commerce, prior to the trial of the criminal indictment. With this contention I cannot disagree. Furthermore, the granting of this motion would be tantamount to compelling the government to produce its witnesses prior to trial and permitting the taking of their depositions on an issue vital to it in the proof of its criminal action.

It seems to me that the net effect of the filing by the government of a criminal indictment contemporaneously with the institution of a civil anti-trust suit, where the same violations are charged in each case, results, for all practical purposes, in a suspension of certain of the defendants' rights that they might otherwise have available to them, in the civil action, under the Federal Rules of Civil Procedure. This appears to be the end result of the decisions dealing with this problem.

However, I can readily understand the government's aversion to proceeding to a trial of the issue of interstate commerce in the civil action at this time, in view of the imminence of the trial of the criminal indictment. The government assures the court in its papers on this motion that the criminal action will be prosecuted diligently and I have no reason to believe otherwise.

Therefore, the defendants' motion is denied without prejudice to its being renewed upon the disposition of the criminal indictment.

Settle order.