**FEDERAL DEPOSIT INSURANCE CORPORATION, to the Use of SECRETARY OF BANKING, Receiver of Integrity Trust Company, to the Use of Butcher & Sherrerd and Fidelity-Philadelphia Trust Company, Appellants,**

v.

**Harry J. ALKER, Jr., and Mamie Du Ban, individually and as Executrix of the Estate of Alfred A. Du Ban, Deceased.**

**FEDERAL DEPOSIT INSURANCE CORPORATION and Butcher & Sherrerd and Fidelity-Philadelphia Trust Company, Trustee, Petitioners,**

v.

**Honorable George A. WELSH and the other Judges of the United States District Court for the Eastern District of Pennsylvania.**

Nos. 11803, 11812.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1956.

Submitted May 21, 1956.

Decided May 29, 1956.

12. Provost v. Gratz, supra.

Richard C. Bull, John L. Cecil, Howard
H. Rapp, Thomas B. K. Ringe, Allen S.

Olmsted, 2d, Thomas Raeburn White, White, Williams & Scott, Morgan, Lewis & Bockius, Philadelphia, Pa., for Federal Deposit Ins. Corp. et al.

Harry J. Alker, Jr., Edwin Hall, 2d, A. D. Bruce, Francis E. Walter, Philadelphia, Pa., for Alker et al.

Before MARIS, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The previous history of this litigation has been sufficiently related in the prior opinions of this court and need not be repeated here.[1] Suffice it to say that Judge Welsh of the district court found in favor of the plaintiff on October 6, 1944, that judgment was entered on his findings by the district court on November 8, 1944, that a motion for a new trial made by the defendants on October 23, 1944 was denied by Judge Welsh on November 30, 1944, that the judgment was affirmed by this court on November 7, 1945 and that after a great many subsequent motions and other applications by the defendants to the district court, to this court and to the Supreme Court, this court on June 14, 1955 gave the district court leave to consider another motion by the defendants for a new trial. Such a motion was filed on June 16, 1955. An answer to the motion was filed by the use-plaintiffs on September 7, 1955. The motion was argued to Judge Welsh in the district court on October 17, 1955 and was granted by him on November 3, 1955. The use-plaintiffs thereupon took an appeal which the defendants have moved to dismiss. Subsequently the use-plaintiffs petitioned this court for writs of mandamus and prohibition, directing Judge Welsh to vacate his order granting a new trial and prohibiting him from proceeding with such a trial. Judge Welsh has filed an answer to this petition as has also defendant Alker whom we permitted to intervene and both matters are now before us for determination.

The power of a district court to grant relief from a judgment previously entered by it in a civil action is presently conferred by the Federal Rules of Civil Procedure.[2] Rule 59 provides for the ordinary motion for a new trial which must be served not later than 10 days after the entry of judgment. In this case the defendants filed such a motion on October 18, 1944, which was heard and denied by Judge Welsh on November 30, 1944. Subsequent relief from a judgment is authorized by Rule 60. Paragraph (b) of that rule, within the four corners of which Judge Welsh's power to grant the defendants' latest motion must be found if it exists, is in pertinent part as follows:

"(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

---

1. See 151 F.2d 907; 163 F.2d 123; 164 F.2d 469; 169 F.2d 336; Secretary of Banking of Pa. v. Alker, 3 Cir., 183 F.2d 429; Butcher & Sherrerd v. Welsh, 3 Cir., 206 F.2d 259, and Federal Deposit Ins. Corp. v. Alker, 3 Cir., 223 F.2d 262.

2. See note of Advisory Committee to amended Rule 60. 28 U.S.C.A. Federal Rules of Civil Procedure, Rule 60, pp. 311, 312.

prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. \* \* \* "

■ In our opinion granting the district court leave to consider the defendants' latest motion we said [223 F. 2d 263]: "In reaching this conclusion we make it clear that we intimate no opinion upon the merits of Alker's motion for a new trial or even whether the district court is empowered to grant it under Rule 60(b). We merely desire to open the way for the district court to decide those questions, which it will do in the exercise of its own responsibility and discretion."[3] In his opinion granting the new trial Judge Welsh said that justice and equity required that Alker should have an opportunity to submit the evidence described in his motion. He did not pass on his power under Rule 60(b) to grant the motion, however, saying [18 F.R.D. 497]: "Feeling as we do, we grant the motion for a new trial, leaving to the appellate tribunals the question of the interpretation and application of the one year limitation in Rule 60(b) of the Federal Rules of Civil Procedure."

It is not for a district judge thus to abdicate his function to interpret and apply the law, the very task he was commissioned to perform. On the contrary it is his basic duty to determine whether he has power before he assumes to exercise it. He is bound, just as we are, to interpret and apply the Federal Rules

of Civil Procedure which have the force of statutes and are binding upon him. In belated recognition of this duty Judge Welsh in his answer to the petition for writs of mandamus and prohibition states that he granted the motion for a new trial because he believed that Rule 60(b) was not a bar to his so doing. He also suggests in his answer that clauses (5) and (6) of Rule 60(b), which give the district court power to relieve a party from a judgment for the reason that "it is no longer equitable that the judgment should have prospective application", clause (5), or for "any other reason justifying relief from the operation of the judgment", clause (6), furnishes a basis for his action.

■ The question, however, is not whether Rule 60(b) bars the granting of a new trial but rather whether it authorizes it. For the power of the district court to grant a new trial upon an application made more than 10 days after judgment is derived solely from that rule. It is true that clause (5) of Rule 60(b) authorizes such relief for the reason that it is no longer equitable that the judgment should have prospective operation[4] and that clause (6) authorizes such relief for any reason, other than those enumerated in the five preceding clauses,[5] justifying relief from the operation of the judgment, provided in each case that the application for relief is made within a reasonable time. It must be conceded that the defendants' present application has not been unreasonably delayed in view of their continuous efforts over the past 10 years to secure relief of this nature. But nonetheless it is clear that such an application

---

3. 223 F.2d 262, 263.

4. This clause would appear, however, to relate only to cases where a judgment which was valid and equitable when rendered is rendered prospectively inequitable by subsequent events. See Block v. Thousandfriend, 2 Cir., 1948, 170 F.2d 428; Elgin Nat. Watch Co. v. Barrett, 5 Cir., 1954, 213 F.2d 776.

5. The district court may not consider as reasons justifying relief under clause (6) mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud, the reasons justifying relief under clauses (1), (2) and (3) of Rule 60(b). United States v. Karahalias, 2 Cir., 1953, 205 F.2d 331, 334, 335.

for extraordinary [6] relief must be fully substantiated by adequate proof and its exceptional character must be clearly established to the satisfaction of the district court before it can be granted by the court. The action of the Supreme Court in amending its judgment in Klapprott v. United States, 1949, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 266, indicates the procedure which is required to be followed in such a case.

■ Here the allegations which the defendants made in support of their motion were strongly controverted by the use-plaintiffs in their answer both in fact and in law. Issues were thus raised by the motion and answer which Judge Welsh was required to resolve by receiving evidence and making full findings with respect to the facts alleged in the defendants' motion, including the nature of the testimony which the proffered witnesses will give at a new trial if granted, and by stating his conclusions of law as to the relevancy of that testimony to the issues involved in the suit and as to whether the facts as found make out a case for extraordinary relief under clause (6) of Rule 60(b). Obviously such a determination could only be made after a full hearing in the district court at which the defendants have an opportunity to produce their witnesses and the use-plaintiffs their rebutting witnesses. We, therefore, intimate no opinion as to whether we think the defendants can make out a case under clause (6). We are clear, however, that the use-plaintiffs are entitled to retain the full benefit of their judgment until the defendants have established by satisfactory evidence that they are entitled under Rule 60(b) to relief therefrom.

Judge Welsh did not hold such a hearing. He made no such findings or conclusions. On the contrary he granted a new trial solely on the allegations of the defendants' motion which were unsupported by evidence and were strongly controverted by the use-plaintiffs' answer. Instead of hearing the defendants' witnesses in support of the motion, he stated in his opinion granting the new trial "that these additional witnesses should be heard, not at this time, but at a new trial where the testimony produced by direct examination and cross-examination could be the basis of findings of fact." [18 F.R.D. 497]. In thus granting a new trial without making findings and conclusions based on evidence produced at a hearing Judge Welsh exceeded his authority under Rule 60(b). Moreover, he failed to follow the express direction of this court [7] that he should also decide the jurisdictional question, that is, whether the motion was one which Rule 60(b) empowered him to grant. In such circumstances a writ of mandamus is the appropriate remedy.[8]

Accordingly a writ of mandamus will be issued directing Judge Welsh to vacate the order which he entered in the district court on November 3, 1955 granting the defendants' motion for a new trial and thereupon to reconsider and dispose of that motion in a manner not inconsistent with this opinion. In view of the issuance of the writ of mandamus the appeal of the use-plaintiffs from the order in question will be dismissed.

6. That clause (6) applies only to cases of extraordinary circumstances was expressly held in Ackermann v. United States, 1950, 340 U.S. 193, 202, 71 S.Ct. 209, 95 L.Ed. 207.

7. 223 F.2d 263.

8. Butcher & Sherrerd v. Welsh, 3 Cir., 1953, 206 F.2d 259, 261, 262.