**Paul GINSBURG, Appellant,**

v.

**Horace STERN and Patrick N. Bolsinger.**

**No. 12052.**

United States Court of Appeals
Third Circuit.

Argued Jan. 8, 1957.

Decided March 13, 1957.

Rehearing Denied April 18, 1957.

See also 148 F.Supp. 663.

Paul Ginsburg, Pittsburgh, Pa., for appellant.

Elder W. Marshall, Pittsburgh, Pa. (Carl E. Glock, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellees.

Thomas D. McBride, Atty. Gen. of Pennsylvania (Leonard M. Mendelson, Pittsburgh, Pa., Lois G. Forer, Deputy Atty. Gen., Herbert B. Cohen, former Atty. Gen., on the brief), for Commonwealth of Pennsylvania, amicus curiae.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY, and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

This is the second time this case has been before us on appeal. On October 26, 1954, the court below dismissed the complaint of the plaintiff-appellant, Ginsburg, on the ground that it failed to state a cause of action. See D.C.1954, 125 F.Supp. 596. Cf. Fed.Rules Civ.Proc. 12(f), 28 U.S.C.

We affirmed the judgment, stating that our decision was made "without regard to the issue as to whether or not Ginsburg * * * [might] maintain * * * [a] suit [under the Civil Rights Acts, 42 U.S.C.A. §§ 1983, 1985, and 1986] against the Chief Justice * * * or the Prothonotary * * * under our decision in Picking v. Pennsylvania Railroad Co., 3 Cir., 1945, 151 F.2d 240." 3 Cir., 1955, 225 F.2d 245.

On remand, in 1956, Ginsburg filed a motion for leave to file an amended complaint in the court below. The Prothonotary was omitted as a defendant in the proposed amended complaint but five Associate Justices of the Supreme Court of Pennsylvania were named as new defendants by it. Ginsburg also sought by allegations contained in the proposed amended complaint to establish jurisdiction under the Civil Rights Acts.

The court below in a single order, filed July 19, 1956, denied Ginsburg's motion for leave to file the amended complaint and gave judgment in favor of the former Chief Justice and the five Associate Justices, concluding that members of the Supreme Court of Pennsylvania were immune from civil liabilities for acts done by them in their official capacities and that our decision in the Picking case, supra, had in effect been overruled by the Supreme Court of the United States in Tenney v. Brandhove, 1951, 341 U. S. 367, 71 S.Ct. 783, 95 L.Ed. 1019. But the court below decided nonetheless that, the immunity issue aside, a cause of action was stated by the proposed amended complaint against the former Chief Justice and the five Associate Justices.

The judgment, based on the order of July 19, 1956, is now appealed from in its entirety by Ginsburg. We do not reach the merits of the controversy for the reasons set out hereinafter. Since we do not reach the merits we do not decide the issue of whether Ginsburg could maintain a suit against the former Chief Justice or the five Associate Justices under our decision in the Picking case. We again refrain expressly from any determination as to whether the Picking decision has been overruled by the Supreme Court in Tenney v. Brandhove, supra.

As to the denial by the court below of Ginsburg's motion to file the amended complaint Rule 60(b), Fed.Rules Civ. Proc. 28 U.S.C., not Rule 15(a) as the court below erroneously thought, provides the basis for relief from a final judgment. Ginsburg did not attempt to bring his motion within the purview of Rule 60(b) but it is not necessary for us to pass on the propriety of the exercise of the discretion of the court below in refusing the motion for leave to file the amended complaint. In Butcher & Sherrerd v. Welsh, 3 Cir., 1953, 206 F.2d 259, 262, we held that when a judgment has been affirmed on appeal and the mandate has gone down it is beyond the power of a lower court to disturb the judgment without leave of the appellate tribunal unless the mandate of the appellate tribunal authorizes it. Cf. Federal Deposit Ins. Corp., to Use of Secretary of Banking v. Alker, 3 Cir., 1955, 223 F.2d 262. In Butcher & Sherrerd v. Welsh, supra, the relief which the District Court was requested to give in respect to the affirmed judgment was not based on new grounds, grounds which were not and perhaps could not have been presented to the appellate court at the time the appeal was taken. An examination of the proposed amended complaint sought to be filed by Ginsburg in the court below, the opinion of the court below to the contrary notwithstanding, discloses no new ground for the relief sought by him. On July 13, 1955 we denied Ginsburg's motion for leave to file an amended complaint which did not differ substantially from the amended complaint sought to be filed by him in the court below. We reserve judgment and express no opinion as to the applicability of our ruling in Butcher & Sherrerd v. Welsh, supra, to a situation where

the relief which the District Court is requested to give in respect to an affirmed judgment is based on new grounds which were not and perhaps could not have been presented to the appellate court at the time the appeal was taken.

 Our adjudication on Ginsburg's prior appeal was a final judgment. Neither in our opinion nor in our mandate did we authorize amendment to his dismissed complaint. After the lower court dismissed the complaint and we affirmed that dismissal without granting leave to amend, for the reasons which we have stated in the preceding paragraph of this opinion the court below could not allow the filing of the proposed amended complaint. See Butcher & Sherrerd v. Welsh, supra; Von Wedel v. McGrath, 3 Cir., 1952, 194 F.2d 1013, affirming D.C.D.N.J.1951, 100 F. Supp. 434. The court below did not possess the power to grant Ginsburg's motion for leave to file the amended complaint and therefore did not err in denying it.

The court below also reached the correct result, when, having denied Ginsburg's motion for leave to file the amended complaint, it refused to add the five Associate Justices as parties defendant to the suit. The original complaint, on which judgment was rendered under the order of the court below of October 26, 1954, therefore remained unchanged with Chief Justice Stern and the Prothonotary as the only defendants named therein. The judgment based on the order of the court below of July 19, 1956 in favor of the five Associate Justices was a nullity since the court below refused to and could not make them defendants. The judgment rendered in favor of former Chief Justice Stern under the order of July 19, 1956 was also a nullity for a valid judgment subsisted on the complaint, as distinguished from the proposed amended complaint.

That portion of the order of July 19, 1956 denying Ginsburg leave to file an amended complaint will be affirmed. That portion of the order rendering judgment in favor of the former Chief Justice and the five Associate Justices will be vacated.