Paul **GINSBURG**, Plaintiff,

v.

Horace **STERN** and Patrick N. **Bolsinger**, Defendants.

Civ. A. No. 12643.

United States District Court
W. D. Pennsylvania.

May 23, 1960.

---

See also D.C., 125 F.Supp. 596.

———◆———

Paul Ginsburg, Pittsburgh, Pa., for plaintiff.

Elder Marshall, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, Chief Judge.

In this proceeding pending in this court for six years, in connection with which divers appeals have been made to the appellate courts of the United States, appellant presents the following questions relative to costs for paper books arising from three appeals to the United States Court of Appeals for the Third Circuit, 225 F.2d 245; 242 F.2d 379; 263 F.2d 458:

1. Does the Clerk of the District Court have the right to tax costs incurred in the printing of paper books for the Court of Appeals when it is alleged that said costs are not allowed by the Rules of the Court of Appeals, Rule 35, subds. 1 and 4, 28 U.S.C.A., and when said costs have been imposed in the mandate of the Court of Appeals?

2. When the Clerk of the District Court has taxed costs which are not allowable under the Rules of the Court of Appeals, Rule 35, subds. 1 and 4, should not the District Court set aside and vacate the taxing of such costs?

3. Do the defendant appellees have the right to tax costs in the Court of Appeals without notice to the plaintiff appellant?

4. When the defendant appellees have taxed the costs in the Court of Appeals, regardless of whether said costs are allowable without notice to the appellant plaintiff, do defendant appellees have the right to proceed ex-parte to collect the costs by attachment execution and garnishment proceedings leaving plaintiff without his fundamental rights to due process of law, particularly his right to notice and right to be heard by the District Court where the execution issues and by the Court of Appeals where the costs are allowed.

I can find no basis under which the United States Court for the Western District of Pennsylvania has the authority to question costs which are imposed by virtue of the mandate of the United States Court of Appeals for the Third Circuit. I further can find no basis upon which the United States Clerk of Courts for the Western District of Pennsylvania has any discretion or authority to question any such costs. It appears that any relief which petitioner seeks must be obtained from the United States Court of Appeals for the Third Circuit which in each instance imposed the costs in question by its own mandate.

Petitioner's prayer to set aside, vacate, and disallow the costs imposed by the United States Court of Appeals for the Third Circuit will be refused.

An appropriate order is entered.