Harry B. Frank, J.
This is a motion by plaintiff for summary judgment, in lieu of a complaint, against defendant Anderson to recover the sum of $10,303:51 pursuant to a promissory note plus attorneys’ fees.
On September 4, 1964, plaintiff, Federal Deposit Insurance Corporation (hereinafter FDIC), was appointed receiver of Crown Savings Bank of Newport News (hereinafter Bank) whose deposits it had insured. Among the assets of the Bank is a promissory note dated July 15, 1963 in the principal sum of $25,000, payable to the Bank, made by Motorlease, Inc., and indorsed personally by defendant Anderson. Anderson admits that he came to the Bank in June, 1963, together with George Murdock, president of Motorlease, Inc., and Andrew Goldberg, its paid agent, to obtain a loan on behalf of Motorlease, Inc.; that he signed the note sued upon, in the name of Motorlease, Inc., as its vice-president; and that with the intention of personally guaranteeing a loan to Motorlease, Inc., he also indorsed said note personally.
Anderson claims that he left said note with Goldberg to be delivered to the Bank when the loan was approved and made.
On July 15, 1963, $11,000 was loaned to Motorlease, Inc., on *307 the basis of the note. Payments of interest and principal were made on the note from time to time, leaving an unpaid balance due in the amount of $10,303.51 as of July 28,1964,
Even assuming that what defendant Anderson states in his affidavit is true, be is liable as a matter of law on the amount sued herein (D’Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U. S. 447; Federal Deposit Ins. Corp. v. Alker, 151 F. 2d 907, cert. den. 327 U. S. 799; Federal Deposit Ins. Corp. v. Alker, 163 F. 2d 123, cert. den. 334 U. S. 827; Federal Deposit Ins. Corp. v. Alker, 164 F. 2d 469, cert. den. 334 U. S. 827).
In the D'Oench, Duhme case, the situation was similar as herein. Petitioner therein had executed a demand note renewing earlier notes payable at a certain bank later insured by FDIC. The receipts for the earlier notes carried the statement: ‘‘ This note is given with the understanding it will not be called for payment.” There, too, petitioner alleged that the note was given without any consideration whatever. Notwithstanding the foregoing, the court upheld FDIC ’s right to recover on the note as a matter of Federal public policy protecting the institution of banking, stating: (‘ The reach of the rule which prevents an accommodation maker of a note from setting up the defense of no consideration against a bank or its receiver or creditors is not delimited to those instances where be has committed a statutory offense. * * * [he] is not allowed that defense as against the receiver of the bank * * * 0r * * * even as against the bank itself, where his act contravenes a general policy to protect the institution of banking from such secret agreements. * * [even where] be had ‘ no positive idea of committing any fraud upon any one ’ * * * he has not been allowed to escape liability on the note as against the receiver even though be was ‘ very ignorant and ill-informed of the character of the transaction ’ * * * Furthermore, the fact that creditors may not have been deceived or specifically injured is irrelevant.” (pp. 458-459.)
The clear thrust of the court’s holding is that any person (< responsible for the creation of the false status of the note ” shall be liable thereon (p. 461), regardless of any agreement.
Anderson admits signing and delivering the note to Motor-lease’s paid agent for delivery to the Bank. The defense of an understanding between the Bank, himself, and said agent that the note was to be used only under certain conditions is legally insufficient.
As indorser of the note Anderson is liable to the FDIC,’ as receiver, despite any agreements or arrangements between Anderson and the Bank. He signed the note sued upon and *308 delivered or permitted its delivery to the Bank. Whether or not he authorized its delivery is irrelevant. He created the risk of loss deliberately or through negligence. FDIC had nothing to do with it. These facts are sufficient in themselves to hold Anderson liable.
In addition, his failure to take any action against the Bank or to inform any of the Federal or State agencies charged with the supervision of the Bank affairs of the assertedly false status of the note between August 8 or 9, 1963, when he allegedly had been informed of its illegal use, and September, 1964, when the Bank closed, was an action which ratified and perpetuated the “ deception ” or at the very least “ tended ” to have such effect. Anderson was responsible for the deceptive use of the note herein and is liable for the amount sought. The motion is granted.