**Thomas GRAHAM, Appellant,**

v.

**ACME MARKETS, INC., Food Employers Labor Relations, Inc., Highway Truck Drivers and Helpers Local 107, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.**

**No. 17173.**

United States Court of Appeals
Third Circuit.

Argued Sept. 26, 1968.

Decided Oct. 11, 1968.

---

**540**

We also point out that we do not have the benefit of the decision of the court below with regard to the amended complaint which contains the new allegation that, "Neither Acme nor the arbitrator even considered the provisions of Article III, Section 2 of the agreement in discharging plaintiff" for the court first ordered the action dismissed for lack of a right to judicial review but after the amended complaint was presented denied the petition for reargument "on the merits of the case", apparently without consideration of the amended complaint.

The judgment will be vacated and the cause remanded with directions to proceed in accordance with this opinion.

Edward B. Bergman, Solo, Abrams, Bergman, Trommer & Padova, Philadelphia, Pa., for appellant.

M. Kalman Gitomer, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for appellees, Acme Markets, Inc., and Food Employers Labor Relations, Inc. (Marvin Comisky, Philip C. Patterson, Philadelphia, Pa., on the brief).

Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

We find ourselves unable to render a judgment on this appeal because of an insufficient record. The court below should have brought upon the record the award of the arbitrator and, under the circumstances at bar should, we think, have adjudicated the amended complaint which the plaintiff, the appellant, filed. See Rule 15(a), Fed.R.Civ.Proc., 28 U.S. C. Cf. Ginsburg v. Stern, 242 F.2d 379 (3 Cir. 1957). Whether the court below should receive evidence upon remand is an issue which we leave to its sound discretion. Cf. Rules 12 and 56, Fed.R.Civ. Proc.