## WILSON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5575.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1947.

J. Alex. Neely, Jr., of Anderson, S. C., for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and A. F. Prescott, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PER CURIAM.

The only question before us on this appeal is the taxability for the years 1940–41 to the petitioner, W. H. Wilson, of the income from a share of the partnership which the petitioner gave to his daughter. At the time of the gift, the daughter was 17 years old. It was not contemplated that the daughter would make any contribution either in money or services to the partnership, which was engaged in the business of buying, selling and other services in connection with cotton. And the record discloses that the daughter never made any such contributions. The Tax Court of the United States decided against the petitioner and we must affirm that decision.

Quite apart from the limitations on our Court in reviewing decisions of the Tax Court imposed by Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, we feel that the only question before us is very definitely foreclosed against the petitioner on both reason and authority. No business purpose was served by the petitioner's transfer to the minor daughter of a portion of his interest in the partnership. The conduct, control and management of the partnership business went on just as it did before the transfer. All that the daughter did was to receive her share of the partnership income.

In Mauldin v. Commissioner, 155 F.2d 666, 668, our Court said: "In summary, this case merely represents another in the stream of cases now coming before the courts wherein taxpayers have sought by various types of reallocation of income within the family group to retain the enjoyment of a large income without the normally incident tax consequences. This Court recently passed upon another such device which we found to be equally unavailing. Hash v. Commissioner, 4 Cir., 152 F.2d 722. We do not mean that all reallocations of income within a family group are to be set aside for tax purposes. But such arrangements, to be recognized, must have a reality in substance which is not found in the instant case. The decision of the Tax Court of the United States is accordingly affirmed."

And in the Mauldin and Hash cases, we were applying the principles clearly set out by the Supreme Court in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; see, also, Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; DeKorse v. Commissioner, 5 T.C. 94, affirmed per curiam 158 F.2d 801; Miller v. Commissioner, 2 Cir., 150 F.2d 823; Doll v. Commissioner, 8 Cir., 149 F.2d 239, certiorari denied 326 U.S. 725, 66 S.Ct. 30.

Counsel for petitioner strenuously argued that the instant case can be distinguished from the cases cited above by virtue of the fact that here, in addition to the gift of petitioner, the girl's mother (who was also a partner) gave a portion of her partnership interest to the daughter. This, we think, is a distinction without a difference. Since the Commissioner here is taxing to the petitioner only the income from the petitioner's gift of a share of his interest in the partnership, no good reason exists why this should be affected by the mother's gift to the same daughter.

The decision of the Tax Court of the United States is affirmed.

Affirmed.