## NORDLING v. COMMISSIONER OF INTERNAL REVENUE (two cases).

### No. 11696.

Circuit Court of Appeals, Ninth Circuit.

March 23, 1948.

Carl E. Davidson and Ralph R. Bailey, both of Portland, Or., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., George A. Stinson, Abbott M. Sellers and Harry Marselli, Sp. Assts. to the Atty. Gen., for respondent.

Before MATHEWS, HEALY and ORR, Circuit Judges.

HEALY, Circuit Judge.

These are related petitions for the review of decisions of the Tax Court sustaining deficiency assessments in income taxes for the taxable years 1941 and 1943.

The petitioners, Phil and Gill Nordling, are brothers. For the sake of brevity they will be called Phil and Gill. In 1937 they formed a partnership to operate automobile parts stores in Oregon. In addition, they acquired substantially all the stock of the Nordling Finance Company, a corporation which owned and rented to the partnership the physical equipment used in the business. In 1941 Phil became dissatisfied and invoked a buy-or-sell provision contained in the partnership agreement, offering to sell to his brother for $18,500 his partnership and corporate interests, or to buy the interests of Gill for the same price. Gill thereupon accepted Phil's offer to sell and paid him $50 as an evidence of good faith.

Gill turned over the exchange of letters covering the offer and acceptance to an attorney for the preparation of a formal sales contract. At Gill's direction the attorney included the name of Gill's wife, Bernice, in the contract as a purchaser. Phil was unaware of any arrangement between Gill and Bernice until the contract was presented to him for execution, but having no interest in their dealings he made no objection. The suggestion that Bernice should be taken in as a partner appears to have originated from a conference with a tax consultant. Part of the money to make the agreed down payment to Phil of $2,950 was borrowed at a bank and the remainder of the purchase price—$15,500—was evidenced by a note to Phil. Payments on the notes to the bank and to Phil were to be made from the profits of the business.

The Commissioner determined that Bernice was a nominal partner only and taxed the whole income of the partnership to Gill. He further ruled that dividends from the Nordling Finance Company stock held in Bernice's name constituted income taxable to Gill. On proceedings for redetermination the Tax Court upheld the Commissioner. It found that the wife's name had been inserted in the contract of purchase on tax considerations only; that Bernice had no separate property; that while she had joined in the execution of the notes to carry into effect the purchase and sale contract between her husband and his brother, her credit was in no way relied on; that she had admittedly performed only negligible services in the business, and none beyond those she had always performed; that the duties of Phil as a partner were assumed by her husband or delegated by him to employees, and that the husband thereafter operated, managed, and controlled the business in its entirety; and that it was not the intention of any of the parties that Bernice acquire the real ownership either of the partnership interest or the corporate stock for the purchase of which her husband alone had negotiated. The conclusion was that no partnership existed which can be recognized for federal income tax purposes and that Gill Nordling was the real purchaser of all Phil Nordling's stock in the Finance Company.

These findings are supported by evidence and we are without authority to overturn them. Furthermore, they clearly support the conclusions and the decision of the Tax Court in respect of the case of Gill Nordling. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679.

The findings also point the way to disposition of the petition of Phil Nordling. The latter suffered a long-term capital loss of several thousand dollars on the sale of his stock in the Nordling Finance Company. He necessarily concedes that the part of the loss arising from the sale of the stock to his brother must be disallowed under § 24(b) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 24(b) (1) (A), since the statute does not permit the deduction of losses on sales to a brother, see § 24(b) (2) (D). His claim is that half his stock was sold to the sister-in-law, Bernice, and that that portion of the loss is deductible. The Tax Court, having concluded that Mrs. Nordling's participation in the purchase was purely nominal and that Gill Nordling was the real purchaser of all the stock, rejected the claim. We are not persuaded that its decision was error. Cf. McWilliams v. Commissioner, 331 U.S. 694, 67 S.Ct. 1477. In tax matters the realities of a transaction, not artificialities, are given effect.

In both cases the decision of the Tax Court is affirmed.