## ECONOMOS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5698.

Circuit Court of Appeals, Fourth Circuit.

April 1, 1948.

Thomas M. Wilkins, of Washington, D. C., for petitioner.

S. Walter Shine, Sp. Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Sewall Key and George A. Stinson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and BARKSDALE, District Judge.

SOPER, Circuit Judge.

The petition for review involves deficiencies in income taxes for the years 1941 and 1943 which were found by the Tax Court to exist by reason of the failure of the taxpayer to include in her return the income from two one-fourth shares in a restaurant business which she had given in trust to her two minor children. The Tax Court considered the circumstances under which the children's interests were acquired and held, and came to the conclusion that they constituted a family arrangement under which neither the children nor the trustee rendered any services to the business or contributed any capital thereto except as the taxpayer attempted to divide between them a part of her interest in that business. The court found that all the gains of the business were earned by the taxpayer by her unaided efforts and should therefore be included in her taxable income.

The taxpayer and her husband operated the restaurant in Washington as equal partners until he died in 1937. He left a daughter who was born on June 12, 1926, and a son who was born on July 20, 1928; and since he died intestate, his widow inherited one-third and his children two-thirds of his one-half interest in the business. His widow purchased the children's interest in the business after his death for the sum of $7,500.

Thereafter, she conducted the business alone and was able to do so successfully by reason of her training and experience. During the years in question, 1941 and 1943, the children were in school and neither of them rendered any vital services to the business or took any part in its management although sometimes they helped in the cafeteria during vacations.

On January 2, 1941, the taxpayer created two trusts, one for each of the children who were then 14 and 12 years of age respectively. By the deeds of trust the sister of the taxpayer was made the trustee and a one-fourth undivided interest in the restaurant business was conveyed in trust until, in the case of the daughter she attained the age of 23 years, and in the case of the son he attained the age of 21 years, at which time the beneficiary was to receive the principal sum, free of the trust. The trustee had no power to use any of the income except to pay the expenses of the trust. The trusts were irrevocable and the corpus could not revert to the taxpayer.

Contemporaneously with the execution of the deeds of trust the taxpayer and the trustee, each contributing her respective interest in the business, entered into a partnership agreement to conduct the business for ten years. The net profits and losses were to be divided equally at the end of each year and credited to the proper accounts. The parties had the right to withdraw their profits in such amounts and at such times "as the parties may mutually determine."

The taxpayer was to devote her full time to the business and did so. The trustee was not obligated to devote any time to the business and did not render any services since she had a full time employment in Boston.

The net worth of the business on December 31, 1940, as shown by the balance sheet, was $22,099.35. The taxpayer filed gift tax returns showing a gift of a one-fourth interest in the business to each child at values of $10,500 each.

The capital account of the trusts of each child, as shown by the books of the business, indicated approximately the following amounts credited to the respective trusts: Balance January 1, 1941, $5,524.84; balance December 31, 1943, $26,602.54. In the meantime the aggregate earnings for the three years amounted to $28,737.62 and the aggregate withdrawals $7,659.92. Of the

withdrawals, $6,592.65 were paid out for income taxes, $1,008.75 for war bonds credited to the accounts, and $58.52 for incidentals.

During the same period the taxpayer withdrew about $32,000 out of approximately $57,000 available to her before payment of taxes.

No trust income was used to support or maintain either child.

 These circumstances disclose an arrangement which, whether or not designed to evade income taxes, would result in a reduction of the taxpayer's taxable income if, as the taxpayer contends, the income of the business should be divided between the partners and accounted for separately under 26 U.S.C.A. Int.Rev.Code, §§ 181, 182. We think, however, that the arrangement cannot be given this effect under the rulings of the Supreme Court and of the Court of Appeals of this and other circuits in cases which differ in no material respects from the case at bar. A gift of an interest in a family business, whether absolute or in trust, which makes no real change in the economic situation of the group or in the control or management of the business will not reduce the obligations of the donor to account for and pay income tax on the earnings of the enterprise to the same extent as before the gift was made. For example, if a husband who has the management, control and ownership of a business transfers an interest therein to his wife, and then enters into a partnership agreement with her, under which each contributes his interest to the capital, and thereafter the husband continues to manage and control the business and the wife renders no services thereto and withdraws from the income credited to her on the partnership books only for the purpose of acquiring the type of things she bought for herself and family before the partnership was formed, under such circumstances the Tax Court has substantial ground for the holding that there was no reality to the partnership so far as the federal income tax law is concerned, and that the gains from the business were taxable to the husband as income earned by him; and this would be so whether or not the state law would recognize the validity of the transfer.

Similarily, it appears in the pending case that the capital contribution to the business by the children, or by the trustee on their behalf, was furnished by the taxpayer. The business was managed and conducted by her alone after the trust was created as before, without assistance from the trustee of the children. The earnings were due entirely to the taxpayer's efforts and the monies credited on the books to the children, except for a small amount, remained in the business and could not be withdrawn without the taxpayer's consent. The case is clearly within the principles laid down in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Hash v. Commissioner, 4 Cir., 152 F.2d 722; Mauldin v. Commissioner, 4 Cir., 155 F.2d 666; Wilson v. Commissioner, 4 Cir., 161 F.2d 556. We are unable to differentiate the pending case from the cases cited, and the decision of the Tax Court will therefore be

Affirmed.