## MOORE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5760.

United States Court of Appeals
Fourth Circuit.

Nov. 1, 1948.

Mark H. Johnson, of New York City (Jacob Rabkin, of New York City, on the brief), for petitioner.

Harry Baum, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This appeal from the Tax Court of the United States involves the rather conventional pattern of the family partnership. The Tax Court held the petitioner-taxpayer, also the donor-husband, liable for income taxes on the income from the share of a partnership given to the wife-donee, on the ground that the transfer of the partnership interest by the husband to the wife lacked economic reality, since the wife contributed to the partnership neither capital nor services.

The law in this field is well settled by numerous decisions. Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Lusthaus v. Commissioner, 327 U. S. 293, 66 S.Ct. 539, 90 L.Ed. 679. The doctrine laid down by these two cases in the Supreme Court has been sedulously followed by our Court. Hash v. Commissioner, 4 Cir., 152 F.2d 722, certiorari denied 328 U.S. 838, 66 S.Ct. 1013, 90 L.Ed. 1614; Mauldin v. Commissioner, 4 Cir., 155 F.2d 666; Wilson v. Commissioner, 4 Cir., 161 F.2d 556, certiorari denied 332 U.S. 769, 68 S.Ct. 80; Economos v. Commissioner, 4 Cir., 167 F.2d 165, certiorari denied 69 S.Ct. 53. A similar result has been reached by numerous other federal courts. See, for example, Fletcher v. Commissioner, 2 Cir., 164 F.2d 182, certiorari denied 333 U.S. 855, 68 S.Ct. 733; Davis v. Commissioner, 3 Cir., 161 F.2d 361; Scherf v. Commissioner, 5 Cir., 161 F.2d 495, certiorari denied 332 U.S. 810, 68 S. Ct. 111; Tinkoff v. Commissioner, 7 Cir., 120 F.2d 564; Nordling v. Commissioner, 9 Cir., 166 F.2d 703; Grant v. Commissioner, 10 Cir., 150 F.2d 915. In the face of this array of judicial authority, we are not impressed by some expressions to the contrary contained in the opinion of Circuit Judge Waller in Culbertson v. Commissioner, 5 Cir., 168 F.2d 979. The Government has petitioned the Supreme Court for certiorari in the Culbertson case, and there are factual differences between the Culbertson case and the instant case.

As Mr. Justice Black said in the Tower case (327 U.S. at page 289, 66 S.Ct. at page 537, 90 L.Ed. 670, 164 A.L.R. 1135):

"The arrangement we are here considering was of the type where proof of a motive to reduce income taxes simply lent further strength to the inference drawn by the Tax Court that the wife was not really a partner. * * * To rule otherwise would mean ordering the Tax Court to shut its eyes to the realities of tax avoidance schemes."

No useful purpose would be served by discussing the factual pattern of the instant case, which differs in no essential respect from the pattern in the host of cases just cited. We consider briefly, however, two points strenuously urged upon us by petitioner.

■ A bill was introduced in the 80th Congress to eliminate the doctrine laid down by the Supreme Court in the Tower and Lusthaus cases, supra, as to the taxation of income from family partnerships. The bill passed the House of Representatives (June 19, 1948) but Congress adjourned before the Senate could act upon the measure.

Right now, even the constitution of the next Congress is entirely problematical, for the ensuing election will determine the personnel of the entire House of Representatives and a substantial number of Senators. Whether the bill passed by the House of Representatives will be enacted by the next Congress, and what may be the provisions of a somewhat similar bill if such a bill is passed, are entirely in the field of uncertain speculation. The orderly collection of federal income taxes would be seriously impeded were the judicial issues in pending cases indefinitely delayed merely because a taxpayer might possibly stand to benefit by some possible revision of the taxing statute. We must, therefore, decline petitioner's request that our decision of the instant case be postponed until the next Congress acts upon the suggested amendment. Federal Deposit Ins. Corporation v. Alker, 3 Cir., 169 F.2d 336.

■ Finally, petitioner complains because the Tax Court recognized the transfer of an interest in the same partnership made contemporaneously by another partner, Scherr, to his wife. There is no merit in this contention. The critical facts as to the transfer of a partnership interest by Scherr to Mrs. Scherr differed clearly from the facts of the transfer by Moore to Mrs. Moore. At the inception of the original partnership, Mrs. Scherr contributed from her personal funds substantially all of the capital invested in the partnership in her husband's name. Nor was this a loan. It has never been repaid, and there was never any question that it should be. It is true that one-third of the original capital invested by Moore was given him for this purpose by Mrs. Moore's father. This gift, however, was not expressly made on behalf of Mrs. Moore and cannot be construed as being within the definition of "capital originating with her." There is a similar distinction in the services rendered by Mrs. Scherr and Mrs. Moore. From the time the business was started, Mrs. Scherr worked full time, from ten to fourteen hours a day, and was in complete control of the office and warehouse. She continued this service during the taxable years in question. In the early years of the original partnership between Scherr and Moore, Mrs. Moore did assist Mrs. Scherr in the office, from time to time. But she had ceased even this part-time work prior to the time the wives were admitted into the partnership; and during the taxable years in question, she rendered no services at all. Nor was it contemplated by the parties that Mrs. Moore should in the future contribute services. As further evidence of the different status occupied by each of the wives, it may be noted that Mrs. Scherr was permitted to sign checks as co-signer with either Scherr or Moore; Mrs. Moore had no such right.

A glance at the motive for admitting the wives into the partnership may shed some light on Mrs. Moore's standing as a partner. Early in 1942, Isaac Scherr was seriously injured while driving his truck. Mrs. Scherr became worried about her rights in the business, should her husband die, and insisted upon having a definite interest, in her own name, in the business to which she had contributed so much. Moore agreed to this but urged that Mrs.

Moore should be afforded the same protection. It was thus, solely to effect this corresponding protection for Mrs. Moore, that she was admitted as a partner. She contributed nothing to either Moore or the partnership in return for her interest nor was it contemplated that she should in the future make any such contribution. On these facts, there is no inconsistency in holding Mrs. Scherr a partner for income tax purposes, and Mrs. Moore not. In the Mauldin case, supra, our Court did not regard the Commissioner's recognition of taxpayer's son as a real partner for federal income tax purposes as a deterrent to our affirmance of the Tax Court's decision that the taxpayer's wife did not qualify as such. See, also, Wilson v. Commissioner, supra; Dawson v. Commissioner, 6 Cir., 163 F.2d 664; Scherf v. Commissioner, supra.

The decision of the Tax Court of the United States is affirmed.

Affirmed.