**Ellis CAMPBELL, Jr., Collector of Internal Revenue, Appellant,**

v.

**Ray L. BATMAN and Mrs. Ray L. (Edith B.) Batman, Appellees.**

No. 16082.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1956.

Marvin W. Weinstein, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Washington, D. C., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Harry Baum, Dept. of Justice, Washington, D. C., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellant.

Robert J. Hobby, Wentworth T. Durant, Dallas, Tex., Durant, Hobby & Aikman, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for refund of income taxes overassessed for the tax years 1946 and 1947.

The claim was that the taxes, the refund of which is sued for, resulted from the erroneous action of the Commissioner in denying the existence and validity, for tax purposes for the tax years in question, of the partnership of Ray L. Batman and his son, Gerald L. Batman.

The defenses were a denial of the existence and operation of the partnership and a plea of estoppel by judgment. Based upon allegations: that the tax court in a decision,[1] on facts and circum-

1. Entered March 14, 1950, 9 T.C.M. 210, appealed to and affirmed by this court on May 22, 1951, 5 Cir., 189 F.2d 107.

stances the same as those alleged in this case, had determined and adjudicated that the same partnership, which was claimed to have existed in 1944 and 1945, did not then exist; that the issue so adjudicated as to those years in that case is identical with the issues presented in this case; and that it, therefore, constitutes a bar to this suit; the plea was presented as a complete bar to this suit.

The case came on for trial before the court without a jury, and the plaintiffs having fully developed their case, rested. Whereupon the defendant, on his plea of estoppel by judgment, offered the certified record of the tax court proceeding in the earlier case involving the years 1944 and 1945.

The district court saying, "No, it doesn't go in evidence, you can use it in your argument", the defendant then made his proffer of the record in the former case as Exhibits 1 and 2, and rested.

The argument concluded, the district judge announced orally findings and conclusions [2] in favor of plaintiffs, and entered judgment accordingly, and defendant is here assigning as errors that he erred (1) in refusing to give effect to the plea of collateral estoppel, and (2) in holding that for the tax years 1946 and 1947, there was a valid partnership.

In support of the first ground, he insists that the issues in the two proceedings are, within the controlling authorities, identical and the finding of no partnership in the first constituted an estoppel by judgment as to the claim of partnership in the second.

In support of the second ground, he insists that, estoppel aside, upon the undisputed evidence in the case, the finding that there was a valid partnership in 1946 and 1947 is clearly erroneous, and the judgment giving effect to it was wrong and must be reversed.

We cannot agree with either of these contentions. With respect to the

2. The Court: "Number 5822, the father, Ray L. Batman is the Plaintiff, and Mr. Campbell, of course, the collector, is the Defendant. Number 5823, Mrs. Ray L. Batman is the Plaintiff, and Mr. Campbell is the Defendant. The Batmans of 5822 and 5823 are husband and wife, and the father and mother of Gerald B. Batman, who claims that he was the partner during 1946 and 1947, which income tax years are involved in these two suits, and that by reason of this, the father and mother were entitled to such deductions under the partnership statute as are thereunder permitted. This arrangement between father and mother and son grows out of, I think, the desire of the father and mother to reduce their income tax payments by admitting their son, who was exhibiting a fondness for farming by working during the summer when he was not in school, and when the farm work was at the peak of necessity, those being the summer months and extending from, say, the first of June, or perhaps a little before that, to along in September when the schools usually open.

"I am unable to discover in addition to what I have recited, and which I now continue to recite as the facts and which facts I find, that there was any fraudulent intention or anything claimed here that was not and is not an actual fact. The very fact of a father testifying openly and then the son testifying openly, each in the presence of one another and in the presence of the wife and the mother, to a lie is something that the Court can not find in this case. I have the privilege, and it is my duty to pass upon the credibility of the witnesses, and I, therefore, find that this was a bona fide partnership continued through the years, and during and for the years 1946 and 1947 there was an accumulation for work, an accumulation of profits, a separation of work in many fields of farming and ranching, wherein the son took all of the responsibility and carried on in the terms of the partnership; that the revenues that arose from this relationship were deposited and were permitted to be drawn and were drawn in so far as they thought appropriate for the needs and emergencies of each of the partners.

"I find, Gentlemen, as the conclusion, finally of the facts, that this was a partnership and must be honored in the payment of income taxes, and I therefore find for the plaintiffs in this case, and I will ask the lawyers to work out the exact amount with interest and bearing interest from this date."

first contention, we think it quite clear that the findings in the first case, the record in which is on file in this court and of which we take cognizance, were intended to, and did, determine[3] only whether for 1944 and 1945, the years then in question, the partnership was to be recognized for income tax purposes. They were not intended to, they do not constitute an estoppel by judgment as to the taxable years involved.

■ We think it equally clear, for the reasons hereafter briefly stated, that the evidence in this case amply supports the court's findings, as to the tax years 1946 and 1947, now in question, that there was a valid partnership for income tax purposes.

The briefest consideration and comparison of the records made in the two cases will, we think, conclusively demonstrate the correctness of these views. Not only was Gerald, in the tax years in question here, two years older, much more mature than in the earlier tax years, and much better able to make valuable contributions to the partnership, but the evidence developed on this trial presented a very different picture from that presented on the tax court trial. On the former trial, Gerald, though, as shown in the former record, present in the court, did not testify. Twenty-five years old on this trial and still an active partner with his father, eleven years after the beginning of their association, he was the chief witness. His testimony, including cross-examination, occupied thirty-six pages of the record. Clear, direct, positive, and convincing, it fully supported the partnership claim for 1946 and 1947.

Taking it over all, it presents a clear picture of a true farming partnership of father and son, entered into as a part of a plan, earlier evidenced in the gifts of land and cattle to the son for making his son a successful farmer. Among the notable differences in the record made on this and on the former trial, these stand out: first, the actual continuance for eleven years in fact and in faith, as

---

**3.** In this court's opinion, 189 F.2d at page 108, affirming the tax court, we quoted from its unreported opinion the following:

"'It is true that some of the facts would seem to support petitioner's contention, but we must make our determination upon all the facts and when this is done, we are *unable to agree that in the two taxable years which we have before us a valid partnership existed between petitioner and his minor son, Gerald. It seems to us that when petitioner's testimony (Gerald did not testify) concerning this alleged partnership is boiled down it amounts to about this: Petitioner decided to take Gerald, who was then about 14 years of age, in as a partner and undertook to do it without saying much to Gerald about it.* In other words, it does not seem to us to have been an arm's length transaction between petitioner and Gerald but was more or less a unilateral transaction in which petitioner played the principal part and Gerald's part was passive. After the alleged partnership arrangement was made, petitioner, as before, managed and controlled the business. He completely dominated it and the income therefrom was largely earned by his efforts.

Gerald took but little part in the active conduct of the business. * * *

"'On the basis of all the evidence, as we have already said, we conclude and *find as a fact that Gerald was not a bona fide partner during 1944 and 1945 with petitioner in the conduct of the farming and ranching business within the meaning of* Commissioner [of Internal Revenue] v. Culbertson, supra (337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659. Cf. Morrison v. C. I. R., 11 T.C. 696, affirmed 2 Cir., 177 F.2d 351; Economos v. Commissioner, 4 Cir., 167 F.2d 165, certiorari denied 335 U.S. 826 (69 S.Ct. 53, 93 L.Ed. 380). We, therefore, sustain the Commissioner on this issue.'" (Emphasis supplied).

In the Scherf case, Scherf v. Commissioner of Internal Revenue, 5 Cir., 161 F.2d 495, at page 498, by saying, "Whatever the case may be as to contributions made by Scherf's sons in years following 1940, the tax year in question, and their effect to make the partnership as to them a real one for tax purposes for those years, * * *", we recognized that a finding that a partnership did not exist in one year was not a finding that it could or did not exist in subsequent years.

well as in law, of the partnership which the tax court, lacking Gerald's testimony and on the meager record then before it, held was not effective for tax purposes in the years 1944 and 1945; second, Gerald's full, frank, and convincing testimony presenting a clear picture of a true farming partnership of father and son, entered into and pursued under the steady and continuing purpose of joining their resources and efforts to succeed as farmers; and, third, the convincingness of the father's testimony this time, that the gifts to his son and the formation and continuance of the partnership were a part of his reasonable and commendable plan to tie his son to, and keep him in the business of farming by giving him a real stake and interest therein.

Because, in Alexander v. Commissioner, 5 Cir., 224 F.2d 788, this court has correctly set forth and as correctly applied the principles governing collateral estoppel, or estoppel by judgment, with respect to different causes of action, that is suits for income taxes for different years, it will be unnecessary to relabor them here.[4] It will be sufficient to say that, upon the authorities cited and the principles there laid down, the district judge was right in rejecting the defendant's plea in bar, and that upon the undisputed evidence in the case he was amply justified in sustaining the claim of partnership for the years 1946 and 1947, and his judgment should be, and it is

Affirmed.

---

4. Cases and commentators alike make clear, especially in respect of tax cases for different years, that "it is of vital importance to observe the distinction between the effect of a judgment upon the cause of action on which the judgment is based and its effect upon a subsequent controversy between the parties based upon a different cause of action."

Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed. 195. See also Restatement, Judgments, Sec. 68; Scott, Collateral Estoppel by Judgment, 56 Harvard L.Rev. 1, 2–3, 5–6; Note, Collateral Estoppel, 52 Col.L.Rev. 647, 652–657; Developments in the Law, Res Judicata, 65 Har.

L.Rev. 818, 840–841; Von Moschzisker, Res Judicata, 38 Yale L.J. 299, 311–312; Cleary, Res Judicata Re-examined, 57 Yale L.J. 339, 342–343; Freeman, Judgments (5th ed.) Sec. 674–676.

Particularly is it important that in tax cases relating to different years collateral estoppel should not only "be confined to issues which are identical in the two cases, but the word 'identical' should be rigidly construed to apply only to situations where the applicable statute is unchanged and all of the controlling events occurred before the earlier of the tax years." Griswold, Res Judicata in Tax Cases (1937) 46 Yale Journal 1320.