Albert Dick **GUGENHEIM** and Esther Gladys Gugenheim, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15783.

United States Court of Appeals Fifth Circuit.

Dec. 14, 1956.

---

Wentworth T. Durant, Earle B. Mayfield, Jr., Robert J. Hobby, Dallas, Tex., for petitioners.

Marvin W. Weinstein, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., John Potts Barnes, Chief Counsel, John M. Morawski, Sp. Atty., I. R. S., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

This appeal involves federal income taxes for the calendar year ended December 31, 1947, in the amount of $2,545.90 for appellant, A. D. Gugenheim, Sr., and $2,545.90 for appellant, Esther Gladys Gugenheim. The deficiencies result from a determination by the Commissioner of Internal Revenue: (1) that appellants' daughter, Bette Ann Manhein, and her husband, James Manhein, were not members of a family partnership between appellants, their son, and the Manheins; and (2) that the incorporation of said partnership resulted in taxable income to the appellants.

Upon the first question, whether appellants' daughter, Bette Ann Manhein, and her husband, James Manhein, were in 1947 members of a family partnership, the tax court, finding and holding: that the same partnership question, whether Bette was a partner with her father in the fiscal year 1946, was before it in earlier proceedings,[1] involving the same parties and there decided on its merits adversely to petitioners; that no new facts were tendered in this case which did not exist and were not available for production in the former case; determined, upon the authority among others of Alexander v. Commissioner, 22 T.C. 318, since reversed on appeal, 5 Cir., 224 F.2d 788, that the decision in the previous case operated as a collateral estoppel here.

On this basis it refused to consider and determine whether on the record made in this proceeding a partnership was shown to exist in the tax year 1947.

On the second issue, whether the incorporation of the partnership resulted in

1. Involving taxes for the fiscal year 1946, Docket Nos. 2569 and 2570, memorandum opinion July 26, 1950. An effort to appeal the case was made too late and the decision became final.

taxable income to the appellants, the tax court, not upon an independent determination of the question but upon the basis of its holding that, under the doctrine of collateral estoppel, Bette was not a partner and owned no assets of the business in 1947, determined that the incorporation of the partnership business and the exchange of its assets for stock resulted in a taxable transaction.

Appealing from the decision, taxpayers are here upon four specifications of error,[2] insisting: (1) that the tax court was wrong in deciding the issues in the case on the basis of collateral estoppel instead of on their merits; and (2) that this court should determine them for itself and enter judgment for the taxpayers.

The Commissioner on his part sees the questions presented as two.[3] Arguing strongly for his view that the tax court correctly applied the bar of collateral estoppel in the decision of this case, and, therefore, correctly refused to consider on its merits the question whether, on the record made here, taxpayers' daughter was in 1947 a partner, the commissioner, as the taxpayers do, urges upon us that, the question of collateral estoppel

aside, and though the tax court did not do so, this court should consider and determine on the merits whether the deficiencies determined by the commissioner were correctly determined by him.

■ We agree with the taxpayers, for the reasons fully stated in Alexander v. Commissioner, 5 Cir., 224 F.2d 788, and in Campbell v. Batman, 5 Cir., 239 F.2d 283, that, upon the record made in this case, the tax court erred in refusing, on the ground of collateral estoppel, to consider and determine on their merits the issues presented.

■ We cannot, however, agree with their contention, a contention with which the commissioner seems to agree, that this court should consider for itself and determine on the merits the issues the case presents, without the benefit of the tax court's prior consideration and determination of them.

The judgment is, therefore, reversed and the cause is remanded to the tax court with directions to consider and determine on their merits all of the issues and contentions presented or to be presented and all of the evidence offered and to be offered in support of them.

2. (1) In failing to consider the evidence adduced in this case and the merits involved, on the ground that it was estopped by an earlier decision of the tax court involving a preceding year.

(2) In failing to recognize for tax purposes a partnership composed of appellant, his son, A. D. Gugenheim, Jr., and his daughter, Bette Ann Manhein and her husband, James M. Manhein, and taxing income earned by their interests in the partnership and reported by the Manheins as a part of their income for 1947, to appellant and his wife.

(3) In failing to recognize an interest in the assets of the business purchased by James Manhein and his wife and taxing the income therefrom to appellants.

(4) In holding the incorporation of the

partnership business, wherein each of the subscribers received stock in exact proportion to the value of the assets contributed to be a taxable transaction as a result of the commissioner's refusal to recognize the validity of the preexisting partnership for tax purposes.

3. (1) Whether, upon the record made in this case, the tax court erred in holding that the prior decision for the fiscal year 1946, that the taxpayers' daughter was not a partner in that year, operates as a collateral estoppel against relitigating the same questions; and (2) whether it erred in holding that the exchange of taxpayers' interest in the partnership assets for capital stock in the successor corporation was not a non-taxable exchange.