317 F.2d 834
 In the Matter of Making Available to the Attorney General of
the State of Indiana Certain Testimony before the United
States Grand Jury, Northern District of Indiana, of Various
Witnesses in an Investigation Relating to Metro HOLOVACHKA.
Appeal of Patrick BRENNAN.
 No. 14086.
 United States Court of Appeals Seventh Circuit.
 May 22, 1963.
 
 Paul P. Lipton, Milwaukee, Wis., for appellant.
 Edwin K. Steers, Atty. Gen., Marcus E. Woods, Deputy Atty. Gen., John E. Hirschman, Deputy Atty. Gen., Indianapolis, Ind., for appellee.
 Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 The Attorney General of the State of Indiana sought an order from the United States District Court for the Northern District of Indiana, making available to the Attorney General and the Disciplinary Commission of the Indiana Supreme Court, the testimony of Patrick Brennan who appeared before a federal Grand Jury in Hammond, Indiana, on February 7, 1962. Brennan, an attorney, was given leave to intervene, and filed a motion to dismiss the petition.
 
 
 2
 The District Court denied the motion to dismiss and ordered the Grand Jury minutes, insofar as they pertained to the appearance of Patrick Brennan, be disclosed and removed from the secrecy of the Grand Jury proceeding and be made available for use in the disbarment proceedings of one Metro Holovachka.
 
 
 3
 The petition of the Attorney General was not verified. It was not accompanied by any affidavit or other supporting documents. The petition recited that Patrick Brennan and one John Solmos had 'reportedly testified' before the Grand Jury 'concerning a $5,000.00 bribe or fix allegedly made to Metro Holovachka' while the latter was a prosecuting attorney for the State of Indiana. The petition further alleged that a disbarment petition had been initiated against Holovachka, that the Supreme Court had ordered that depositions be taken concerning the charge, and that the Grand Jury transcript was required to enable the Attorney General 'to prepare for said judicial proceedings and to properly investigate said matter and evaluate the oral testimony of certain witnesses. * * *'
 
 
 4
 Rule 6(e) of the Federal Rules of Criminal Procedure provides the measure of authority by which the traditional secrecy of grand jury evidence may, under limited circumstances, be broken.
 
 
 5
 Rule 6(e) provides, in pertinent part: '(e) Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter or stenographer may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *'
 
 
 6
 The first sentence of Rule 6(e) refers to attorneys for the government. This means attorneys for the United States Government. In re Grand Jury Proceedings, 3 Cir., 309 F.2d 440, 443. Rule 54(c) of Federal Rules of Criminal Procedure specifically defines this phrase to mean 'the Attorney General, an authorized assistant of the Attorney General, a United States Attorney, an authorized assistant of a United States Attorney.'
 
 
 7
 Two District Courts have specifically held the term includes only attorneys for the United States Government and not the attorneys for any county or state government. United States of America v. Downey, S.D.Ill., 195 F.Supp. 581, 584; United States v. Crolich, S.D.Ala., 101 F.Supp. 782, 784. We hold that the Attorney General of the State of Indiana and his assistant do not qualify under Rule 6(e) as 'attorneys for the government.'
 
 
 8
 In United States V. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, the Supreme Court stated: 'The grand jury as a public institution serving the Community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow.'
 
 
 9
 This Court, in the case of In re April 1956 Term Grand Jury, 7 Cir., 239 F.2d 263, in an opinion written by Judge Schnackenberg, had occasion to consider in considerable detail the function of a grand jury and its place in our judicial system. We there stated, 239 F.2d at page 269: 'While the grand jury is, in a sense, a part of our court system, when exercising its traditional functions it possesses an independence which is unique. * * *' We also stated at page 271: 'In this country, as in England of old, the grand jury acts in secret. * * * Grand jury proceedings are traditionally secret. * * * From earliest times it has been the policy of the law to shield the proceedings of grand juries from public scrutiny. * * *'
 
 
 10
 In the April 1956 Grand Jury case, various documents and records were obtained by means of grand jury subpoenas. In our opinion we said, 239 F.2d at page 271: 'With the consent of the grand jury this material has been turned over to treasury agents, who, with their assistants, have been examining it. If these offorts are directed toward the procuring of evidence for civil proceedings now or hereafter pending against petitioners, and that purpose is accomplished, then the secrecy of the grand jury has been breached. We find nothing in the history of the grand jury to justify the perversion of its functions or machinery by third persons for the purposes of a civil proceeding. * * * With the grand jury came its time-honored policy of secrecy. The idea that information obtained from the perusal of material in the possession of a grand jury may be used for the purpose of a civil proceeding is in direct conflict with the policy of secrecy of grand jury proceedings.'
 
 
 11
 In the case at bar, the District Court ordered federal grand jury testimony disclosed in a civil proceeding that was not pending in any federal court. Again, as we said in our opinion hereinbefore cited, 239 F.2d at page 271: 'The application of secrecy to its proceedings is a safeguard for the grand jury itself, because it tends to prevent it from being used as an instrument for explorations in aid of civil proceedings.'
 
 
 12
 In United States v. Procter & Gamble Co. (1958), 356 U.S. 677, at page 682, 78 S.Ct. 983 at 986, 2 L.Ed.2d 1077, the Court said: 'This, 'indispensable secrecy of grand jury proceedings,' United States v. Johnson, supra, at 513,[1] (319 U.S. at page 513, 63 S.Ct. at page 1238) must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity.'
 
 
 13
 In the case at bar, we hold there was no showing of a compelling necessity. Certainly nothing of the kind was shown 'with particularity.'
 
 
 14
 Metro Holovachka had been convicted in the United States District Court for the Northern District of Indiana of the charges contained in the three-count indictment which charged the defendant with having wilfully attempted to evade his income taxes for the years 1955, 1956 and 1957, by filing false and fraudulent tax returns. That conviction was affirmed in this Court in United States of America v. Holovachka, 7 Cir., 314 F.2d 345. The trial was attended with much publicity. Many witnesses were heard. It was established that Holovachka failed to keep adequate records of his income; that his income record book kept outside his office had been destroyed or lost; that substantially all of his cancelled checks from 1954 through 1958 had been destroyed; that from 1952 to 1957 his financial transactions were carried on largely through the use of currency totaling $342,919.
 
 
 15
 In view of the evidence received at Holovachka's trial for income tax evasion, and the wide publicity given thereto, it is difficult to believe that in order to obtain a disbarment of Holovachka, it was necessary for the Attorney General of Indiana to ask that the veil of secrecy of the grand jury proceedings be lifted as to Patrick Brennan's testimony. The petition of the Attorney General alleged only that Patrick Brennan 'reportedly testified' concerning a bribe made to Metro Holovachka. However, the District Court knew that on November 3, 1962, Brennan had testified under oath that in his testimony before the grand jury on February 7, 1962, he had not been asked any questions concerning the alleged bribe to Holovachka and that Holovachka's name was never mentioned.
 
 
 16
 The District Judge based his order of disclosure on the ground that Brennan and Holovachka, as attorneys, were each officers of his court and that for Brennan to object to the disclosure of his grand jury testimony was a defiance of the court by one of its officers. We disagree.
 
 
 17
 There was no disbarment proceeding before the District Court that sought to disbar Holovachka from practicing law in that court. Brennan showed no disrespect to the District Court by insisting upon his legal rights that the secrecy of the federal grand jury proceedings should be maintained, in spite of the demand of the state Attorney General that he should have access to that testimony for the purpose of discovery. The convenience of discovery by access to grand jury minutes has never been regarded as sufficient cause to lift the secrecy of grand jury proceedings. United States v. Procter & Gamble Co., 356 U.S. 677, 682, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077.
 
 
 18
 The Attorney General relies largely on Doe v. Rosenberry, 2 Cir., 255 F.2d 118, which was decided prior to the decision of the Supreme Court in Procter & Gamble. We think the holding in the Doe case is extremely narrow. There, John Doe appealed from an order denying a motion to direct the Grievance Committee of the State Bar to return a grand jury transcript and to restrain use of the minutes. The Court of Appeals noted that the District Court had no authority to interfere with the proceedings in the New York State Courts. The narrow holding of the Doe case appears in the last sentence of the opinion, 'We merely refuse to interfere with the possession of the Grievance Committee.' We think the Doe case is clearly distinguishable from the case at bar.
 
 
 19
 The order of the District Court that the Grand Jury minutes pertaining to the testimony of Patrick Brennan on February 7, 1962, be disclosed and removed from the secrecy of that Grand Jury proceeding must be and is
 
 
 20
 Reversed.
 
 
 21
 SCHNACKENBERG, Circuit Judge (concurring).
 
 
 22
 I concur in and approve the foregoing opinion. Moreover, the petition presented to the district court by the attorneygeneral of Indiana expressly relates to the matter of making available to him in an investigation relating to Metro Holovachka, pending in the Supreme Court of the state of Indiana, the testimony of various witnesses before the grand jury of the United States District Court.
 
 
 23
 From the transcript of proceedings in the district court it appears that, at the time the testimony of witness Patrick Brennan was taken before the grand jury, the district court was 'then deeply involved in the trial of Metro Holovachka', resulting in his conviction, which we later affirmed, 7 Cir., 314 F.2d 345. It appears conclusively to me that, as a practical matter, the matters produced at this public trial resulting in conviction were all available to anyone. Thus, the state of Indiana there had a source of information as to the defendant Holovachka, which made a resort to grand jury proceedings unnecessary.
 
 
 
 [1]
 United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546