**In the Matter of GRAND JURY INVES-TIGATIONS 69 GJ 2969 AND 71 GJ 983.**

**Nos. 69 GJ 2969, 71 GJ 983, 71 CR 135.**

United States District Court,
N. D. Illinois, E. D.

June 19, 1974.

Schiff, Hardin, Waite, Dorschel & Britton, Chicago, Ill., for Homer E. Capehart petitioner.

Peter S. Vaira, Asst U. S. Atty., Chicago, Ill., for Grand Juries.

George F. Callaghan, Chicago, Ill., for objectors David Weissman and Edgar A. Blumenfield.

## MEMORANDUM AND ORDER ON PETITION OF BARBERS' PENSION FUND FOR EXAMINATION OF GRAND JURY EVIDENCE AND TESTIMONY

ROBSON, Chief Judge.

Homer E. Capehart, the Receiver of the Journeymen Barbers, Hairdressers, Cosmetologists and Proprietors' International Union of American Pension Fund (hereinafter referred to as "Pension Fund") has petitioned this court for an order granting him the right to examine certain grand jury testimony and evidence. Notice of this petition was given to all interested parties. The government has stated on the record that it has no objection to the petition. However, two witnesses, David Weissman and Edgar A. Blumenfeld, before the grand juries involved have interposed objections. For the reasons stated herein, the Receiver's Petition shall be granted.

Weissman and Blumenfeld object to the disclosure of their grand jury testimony on the ground that it would be violative of Rule 6(e), Fed.R.Crim.P., which provides for secrecy of grand jury proceedings. They assert that the Receiver has not shown with particularity a compelling need for the testimony as required by United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) and In re Holovachka, 317 F.2d 834 (7th Cir. 1963).

█ From earliest times grand jury proceedings have been traditionally secret. However, the secrecy of grand jury proceedings is not absolute. Rule 6(e), Fed.R.Crim.P., provides for three exceptions to the secrecy requirement. Under the third exception, disclosure of grand jury evidence may be made upon

direction of the court "preliminarily to or in connection with a judicial proceeding . . . ." It is clear from the Receiver's Petition that he is seeking the grand jury material in connection with a judicial proceeding. Doe v. Rosenberry, 255 F.2d 118 (2d Cir. 1958). Homer E. Capehart was duly appointed as Receiver for the assets and property of the Pension Fund pursuant to an order of the United States District Court for the Southern District of Indiana in Case No. IP–70–C–481. As Receiver, Capehart is currently engaged in litigation[1] on behalf of the Pension Fund. To successfully conduct this litigation the Receiver must have available all the information pertinent to the manner in which the Pension Fund has been operated by its past officers. The Receiver asserts that in proceedings before grand juries in 69 GJ 2969 and 71 GJ 983, certain evidence was presented and testimony was elicited, including that of Weissman and Blumenfeld, concerning the past activities of Pension Fund officials. The Receiver also urges compelling need on the grounds that many of the persons who testified before the grand juries reside at great distances from the Receiver, and furthermore, that the whereabouts of some of these witnesses are unknown. The court hereby finds it is impractical to require the federally appointed Receiver to obtain the evidence he needs, except by permitting him to examine and copy the records of the grand juries, and such materials and evidence that are in the possession of the United States Attorney. This court is of the opinion that disclosure of the grand jury evidence and testimony and the evidence in possession of the United States Attorney is necessary in order for the Receiver to fulfill his responsibilities to the Pension Fund and to the United States District Court for the Southern District of Indiana.

 This court finds that the purposes for which disclosure of grand jury materials and other evidence in the possession of the United States Attorney is sought is within the third exception to Rule 6(e). The Receiver has shown with particularity a compelling need for the grand juries materials. The objections of Weissman and Blumenfeld are hereby found to be without merit.

It is therefore ordered that the Receiver's Petition for examination of grand jury evidence and testimony shall be and the same is hereby granted. The Receiver is directed to submit a draft order.

---

1. In Homer E. Capehart, Receiver v. Transamerica Insurance Co., et al., 72 C 326 in the U.S. District Court in the Southern District of Indiana, the Receiver is seeking to recover a substantial sum on certain fidelity bonds of Mr. E. M. Sanders and Mr. Joseph N. DePaola. In Homer E. Capehart, Receiver v. Lafayette Milling, Inc. et al., Case No. 46,472 in the Fifth Judicial District, Lafayette Parish, State of Louisiana, the Receiver is suing to collect a loan in the amount of $385,000 plus interest. In that same suit, the Receiver is defending against a substantial counterclaim.