06-2228-cv
Ehrenfeld v. Mahfouz

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

------------

August Term 2006

Argued: November 8, 2006          Decided: March 3, 2008

   (Question certified to New York Court of Appeals:
   June 8, 2007.
   Question answered by New York Court of Appeals:
   December 20, 2007.)

Docket No. 06-2228-cv

-------------------------------------------------X

RACHEL EHRENFELD,

               Plaintiff-Appellant,

        - against -

KHALID SALIM BIN MAHFOUZ,

               Defendant-Appellee.

-------------------------------------------------X

     Before:   FEINBERG, LEVAL, and CABRANES, Circuit Judges.

     Plaintiff-appellant Rachel Ehrenfeld appeals from a judgment of the United States District Court for the Southern District of New York (Richard C. Casey, J.) granting the motion to dismiss of defendant-appellee Khalid Salim Bin Mahfouz on the basis of the lack of personal jurisdiction under N.Y. C.P.L.R. §§ 302(a)(1) and 302(a)(3), denying Ehrenfeld's

1

request for jurisdictional discovery, and dismissing the case for lack of personal jurisdiction. This Court affirmed the district court's decision as to N.Y. C.P.L.R. § 302(a)(3) and jurisdictional discovery, and certified to the New York Court of Appeals the question whether N.Y. C.P.L.R. § 302(a)(1) confers personal jurisdiction over defendant. *Ehrenfeld v. Mahfouz,* 489 F.3d 542 (2d Cir. 2007). The Court of Appeals having answered that question in the negative, the decision of the district court is now affirmed in its entirety.

DANIEL J. KORNSTEIN, MARK PLATT, CECELIA CHANG and MIKAELA A. McDERMOTT, Kornstein Veisz Wexler & Pollard, LLP, New York, NY, for Plaintiff-Appellant.

STEPHEN J. BROGAN and TIMOTHY J. FINN, Jones Day, Washington, DC, and MICHAEL NUSSBAUM, Bonner, Kiernan, Trebach & Crociata, Washington, DC, for Defendant-Appellee.

KURT A. WIMMER, JASON P. CRISS, Covington & Burling LLP, New York, NY, for *Amici Curiae* Amazon.com, American Society of Newspaper Editors, Association of American Publishers, Inc., Authors Guild, Inc., Electronic Frontier Foundation, European Publishers Council, Forbes Inc., John Fairfax Holdings, Ltd., Media/Professional Insurance, Media Institute, Newspaper Association of America, Online News Association, Radio-Television News Directors Association, Reporters Committee for Freedom of the Press, and World Press Freedom Committee, in support of Plaintiff-Appellant.

FEINBERG, Circuit Judge:

Plaintiff-appellant Rachel Ehrenfeld appeals from a judgment of the United States District Court for the Southern

-2-

District of New York (Richard C. Casey, J.) granting defendant-appellee Khalid Salim Bin Mahfouz's motion to dismiss plaintiff's action against him for lack of personal jurisdiction under N.Y. C.P.L.R. §§ 302(a)(1) and 302(a)(3) and denying plaintiff's request for jurisdictional discovery.

This case has had an unusual procedural background. Ehrenfeld is the author of *Funding Evil: How Terrorism Is Financed—and How to Stop It*, published in 2003, in which she alleged that Mahfouz financially supported terrorism. In 2004, Mahfouz sued Ehrenfeld in London and obtained a default libel judgment against her enjoining the further publication of the statements about Mahfouz in England and Wales. Thereafter, Ehrenfeld sought a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, against Mahfouz in the District Court for the Southern District of New York, that (1) Mahfouz could not prevail on a libel claim against her under federal or New York law; and (2) the English judgment would not be enforceable in the United States, and New York in particular, on constitutional and public policy grounds. The district court, sitting in diversity jurisdiction, granted defendant Mahfouz's motion to dismiss plaintiff's declaratory judgment action for lack of personal jurisdiction over him.

Subsequently, plaintiff appealed to this Court. In June 2007, we affirmed the district court's judgment as to N.Y. C.P.L.R. § 302(a)(3) and the denial of jurisdictional discovery. *See Ehrenfeld v. Mahfouz,* 489 F.3d 542, 545, 550-51 (2d Cir. 2007). We also found that the portion of the district court's opinion regarding N.Y. C.P.L.R. § 302(a)(1) raised important, unsettled questions of New York law and we certified the following question to the New York Court of Appeals: whether New York's long-arm statute confers personal jurisdiction over a person (1) who sued a New York resident in a non-U.S. jurisdiction; and (2) whose contacts with New York stemmed entirely from the foreign lawsuit and whose success in the foreign suit resulted in acts that must be performed by the subject of the suit in New York. *Id.* at 545.

The New York Court of Appeals accepted certification and in a thorough opinion, filed in December 2007, answered the certified question in the negative. *See Ehrenfeld v. Mahfouz*, -- N.E.2d --, 2007 WL 4438940, at *6 (N.Y. Dec. 20, 2007). The Court of Appeals acknowledged the potentially "pernicious" effect of what plaintiff Ehrenfeld called "libel tourism," *i.e.*, "the use of libel judgments procured in jurisdictions with claimant-friendly libel laws — and little or no connection to the author or purported libelous material — to chill free

-4-

speech in the United States." *Id.* at *3. However, the court emphasized that "[its] task is to interpret the New York statute as written." *Id.* at *3 n.5. The court rejected plaintiff's argument that defendant Mahfouz had transacted business in New York by scheming to "chill her speech" there. *Id.* at *3. Writing for a unanimous court, Judge Ciparick found that defendant's contacts with New York were limited to communications merely "intended to further his assertion of rights under the laws of England," and thus, none of these contacts "invoked the privileges or protections of [New York] State's laws." *Id.* at *4.

The Court of Appeals also declined to assert jurisdiction over defendant on the basis of his refusal to waive the right to enforce the English judgment in New York. The court pointed out that the future implications of potential enforcement of that judgment would "not arise from [defendant's] invocation of the privileges" of New York laws, but "from an English remedy and plaintiff's unilateral activities in New York." *Id.* at *5 (citing *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 258 N.E.2d 202, 205 (N.Y. 1970)). In addition, the court stressed that New York's long-arm statute "does not confer jurisdiction in every case where it is constitutionally permissible." *Id.* at *6. The court, therefore, concluded that on the facts of this case

personal jurisdiction cannot be obtained over defendant under N.Y. C.P.L.R. § 302(a)(1).

Thereafter, we afforded the parties and the *amici curiae* an opportunity to comment in letter briefs on the decision of the New York Court of Appeals. In response, defendant simply requested that we affirm the district court's judgment in accordance with the decision of the New York Court of Appeals. By contrast, plaintiff urged us to assert personal jurisdiction over defendant on the ground that the construction of N.Y. C.P.L.R. § 302(a)(1) by the Court of Appeals violates the First Amendment. According to plaintiff, this constitutional issue is not resolved by the Court of Appeals' answer to the certified question and deserves further analysis by this Court. Alternatively, plaintiff invites us to postpone issuing a final decision until the end of the current New York state legislative session, in deference to the state legislature's current consideration of a bill that would provide for jurisdiction over Mahfouz.

For a number of reasons, plaintiff's arguments are legally unavailing. First, plaintiff filed her complaint in the district court in December 2004 and up to this point has apparently not raised a federal constitutional challenge to a

reading of N.Y. C.P.L.R. § 302(a)(1) that would deny jurisdiction over defendant.

To be sure, plaintiff sought a declaration from the district court that enforcement of the English judgment in the United States would contravene the First Amendment. *Ehrenfeld v. Mahfouz,* No. 04 civ. 9641, 2006 WL 1096816, at *1 (S.D.N.Y. Apr. 26, 2006). She also argued before the district court and this Court that defendant Mahfouz's contacts with New York were part of a scheme to abridge her free speech rights in New York. Plaintiff made the argument that the freedom of speech implications of the case, arising under both the First Amendment and the New York Constitution, compelled certification of the jurisdictional issue to the New York Court of Appeals. We heeded that suggestion and granted her certification request based on the public policy significance of the matter. *Ehrenfeld,* 489 F.3d at 549 & n.4.

Plaintiff, however, has not made the argument that the First Amendment would compel us to assert jurisdiction over defendant in any case, regardless of the reading by the Court of Appeals of the state long-arm statute. Plaintiff had the opportunity to make the argument to Judge Casey in the district court and in this Court. Her failure to mount an attack on First Amendment grounds against denial of personal jurisdiction

over defendant Mahfouz at any prior stage of this prolonged litigation in the federal courts amounts to a waiver of the claim. *See United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, waiver will bar raising the issue on appeal." (internal citations omitted)).

Finally, we must decline plaintiff's invitation to refrain from disposing of the remaining issue in this appeal until the New York state legislature has had an opportunity to act upon a proposed amendment to New York's long-arm statute that could confer jurisdiction over defendant. Whether the bill will be passed, and what the provisions of the new section of the long-arm statute may be if the bill is passed, "are entirely in the field of uncertain speculation." *Moore v. Comm'r of Internal Revenue*, 170 F.2d 191, 192 (4th Cir. 1948). To delay our decision because plaintiff may benefit from a possible revision of the New York jurisdictional statute would indeed "constitute an abnegation of the judicial process." *FDIC v. Alker*, 169 F.2d 336, 337 (3d Cir. 1948). If the new bill is signed into law, plaintiff may file a new action in the district court or move

- 8 -

to reopen the judgment and amend the complaint, and the court will have the chance to properly address, in the first instance, the question of personal jurisdiction over defendant.

## Conclusion

Plaintiff asks us to disregard the decision of New York's highest court on a controlling jurisdictional issue that requires us to interpret and apply New York law. This we cannot do. "[T]he interpretation placed by the highest court of the state upon it statutes is conclusive here." *Smiley v. Kansas,* 196 U.S. 447, 455 (1905).

Judgment AFFIRMED.